FRATERNAL ORDER OF POLICE v. CITY OF NORMAN



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:FRATERNAL ORDER OF POLICE v. CITY OF NORMAN

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 FRATERNAL ORDER OF POLICE v. CITY OF NORMAN
2021 OK 20
489 P.3d 20
Case Number: 119296
Decided: 04/13/2021
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2021 OK 20, 489 P.3d 20

 
 

FRATERNAL ORDER OF POLICE, BRATCHER/MINER MEMORIAL LODGE, LODGE NO. 122, Plaintiff/Appellee,
v.
THE CITY OF NORMAN, Defendant/Appellant.

ON APPEAL FROM THE DISTRICT COURT OF CLEVELAND COUNTY,
HONORABLE THOMAS K. BALDWIN, ASSIGNED JUDGE

¶0 Plaintiff filed a petition for declaratory judgment and injunctive relief, claiming that Defendant violated city ordinance and the Open Meeting Act, 25 O.S.2011, §§ 301--314. Both parties sought summary judgment. The district court rendered summary judgment in Plaintiff's favor, finding that Defendant violated the Open Meeting Act. We retained Defendant's appeal.

ORDER OF THE DISTRICT COURT IS AFFIRMED.

Stanley M. Ward and Geoffrey A. Tabor, Ward & Glass, L.L.P., Norman, Oklahoma, for Plaintiff/Appellee, Fraternal Order of the Police, Bratcher/Miner Memorial Lodge, Lodge No. 122.

Rickey J. Knighton II, Office of the City Attorney, Norman, Oklahoma, for Defendant/Appellant, City of Norman.

OPINION

DARBY, C.J., 

¶1 In December 2020, the Cleveland County District Court granted summary judgment in favor of Fraternal Order of the Police, Bratcher/Miner Memorial Lodge, Lodge No. 122, Plaintiff/Appellee. The question before this Court is whether City of Norman, Defendant/Appellant, complied with the statutory notice requirements of the Open Meeting Act, 25 O.S.2011, §§ 301--314, for its June 16, 2020 special meeting. We answer in the negative.

I. STANDARD OF REVIEW

¶2 Summary judgment settles only questions of law, therefore it is reviewed de novo. Toch, LLC v. City of Tulsa, 2020 OK 81, ¶ 15, 474 P.3d 859, 865. Statutory interpretation is also a question of law subject to de novo review. Thurston v. State Farm Mut. Auto. Ins. Co., 2020 OK 105, ¶ 2, 478 P.3d 415, 417. Summary judgment will be affirmed only if the appellate court determines from the pleadings and evidence before it, that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Id.; see also 12 O.S.2011, § 2056(C).

II. BACKGROUND & PROCEDURAL HISTORY

¶3 At the June 9, 2020, Norman City Council meeting, item 42 on the agenda was

CONSIDERATION OF ADOPTION OF THE FYE 2021 CITY OF
NORMAN PROPOSED OPERATING AND CAPITAL BUDGETS
AND THE NORMAN CONVENTION AND VISITORS BUREAU,
INC., BUDGET WITH DETAILED ANNUAL PLAN OF WORK.

After discussion of the city budget, and hearing from the public concerning possible reallocation of funds, City Council postponed adoption of the FYE 2021 Operating and Capital budgets until June 16th.

¶4 The posted agenda for the June 16th special meeting[1] listed the only matter of business as,

CONSIDERATION OF ADOPTION OF THE FYE 2021 CITY OF
NORMAN PROPOSED OPERATING AND CAPITAL BUDGETS
AND THE NORMAN CONVENTION AND VISITORS BUREAU,
INC., BUDGET WITH DETAILED ANNUAL PLAN OF WORK.

The agenda also contained a list of "attachments": City Council Staff Report, FY21 Budget Summary, Prelim Budget Book, CIP budget, and FYE 2021 Budget Amendments 6-12-2020. Below that, the agenda contained two notations for actions needed: 1) "Motion to adopt or reject the Norman Convention and Visitors Bureau, Inc., Budget with Detailed Annual Plan of Work"; and 2) "Motion to adopt or reject the FYE 2021 City of Norman Operating and Capital Budgets."

¶5 At the special meeting, the first action occurred as stated on the agenda, and Council adopted the budget for the Norman Convention and Visitors Bureau. A councilmember then moved to adopt the FYE 2021 City of Norman Operating and Capital Budgets (city budget). But, instead of adopting or rejecting the city budget as listed on the agenda, Council proceeded to amend it numerous times. Eventually, Council passed the three disputed amendments in this case, "reallocating" $865,000 of funding.[2] After passing the final amendment, Council adopted the newly amended city budget and adjourned the meeting at 3:45 a.m. on June 17th.

¶6 Plaintiff filed a petition for declaratory judgment and injunctive relief in Cleveland County District Court, claiming that City violated city ordinance and the Open Meeting Act, 25 O.S. §§ 301--314, at the June 16th special meeting. Both Plaintiff and City filed motions for summary judgment. Plaintiff argued that City violated the Open Meeting Act by enacting amendments at the special meeting that were not included on the posted agenda. City asserted that its posted agenda met the requirements of the Act because the budget affected by the disputed amendments was a subsidiary budget within the listed city budget. City contended that the agenda did not mislead the public, as evidenced by the plethora of emails it received and the number of people who spoke at the meeting. City claimed that because the disputed amendments were not available forty-eight hours before the June 16th special meeting, it was not possible to put them on the Agenda. City further argued that Council had authority to amend the city budget under consideration pursuant to title 11, section 17-209(A).[3]

 

¶7 The district court reviewed the motions, responses, replies,[4] and all attached exhibits, and granted Plaintiff's motion for summary judgment. The court found there were no disputed material facts, and the question of whether City complied with the Open Meeting Act through its agenda for the June 16th special meeting was a question of law. The court found that a person of ordinary education and intelligence, "would understand that the City Council may approve or not approve of the budgets as presented. However, any person who read the language used would not have understood that there would be a defunding, a reallocation, or modification of any underlying departments' budget." Order 2, Dec. 4, 2020. The court further found that the language used in City's June 16th agenda "was deceptively worded or materially obscured the stated purpose of the meeting and is therefore, a willful violation of the act." Id. The court noted that its ruling rendered consideration of the other issues presented moot. City appealed, and we retained the matter.

 

III. ANALYSIS

¶8 The Open Meeting Act's stated public policy is to "encourage and facilitate an informed citizenry's understanding of the governmental processes and governmental problems." 25 O.S.2011, § 302. In furtherance of this policy, at least twenty-four hours prior to a special meeting, a public body is required to "display public notice of the meeting, setting forth thereon the date, time, place and agenda for the meeting." 25 O.S. Supp. 2020, § 311(A)(12). "Only matters appearing on the posted agenda may be considered at the special meeting." Id.

¶9 "All agendas required pursuant to the provisions of this section shall identify all items of business to be transacted by a public body at a meeting . . . ." Id. § 311(B)(1) (emphasis added). The "agenda shall 'be worded in plain language, directly stating the purpose of the meeting . . . [and] the language used should be simple, direct and comprehensible to a person of ordinary education and intelligence.'" Andrews v. Indep. Sch. Dist. No. 29 of Cleveland Cty., 1987 OK 40, ¶ 7, 737 P.2d 929, 931 (alterations in original) (quoting Haworth Bd. of Educ. of Indep. Sch. Dist. No. I-6, McCurtain Cty. v. Havens, 1981 OK CIV APP 56, ¶ 9, 637 P.2d 902, 904). The policy of the Act "is defeated if the required notice is deceptively worded or materially obscures the stated purpose of the meeting." Haworth, 1981 OK CIV APP 56, ¶ 8, 637 P.2d at 904. "Because it was enacted for the public's benefit, the Open Meeting Act 'is to be construed liberally in favor of the public.'" Lafalier v. Lead-Impacted Cmtys. Relocation Assistance Tr., 2010 OK 48, ¶ 37, 237 P.3d 181, 195 (quoting Int'l Ass'n of Firefighters, Local 2479 v. Thorpe, 1981 OK 95, ¶ 17, 632 P.2d 408, 411).

¶10 City's agenda for the June 16th special meeting contained three layers of information: 1) a short summary statement; 2) a list of documents "attached" to the agenda; and 3) proposed actions. The agenda summary stated:

CONSIDERATION OF ADOPTION OF THE FYE 2021 CITY OF
NORMAN PROPOSED OPERATING AND CAPITAL BUDGETS
AND THE NORMAN CONVENTION AND VISITORS BUREAU,
INC., BUDGET WITH DETAILED ANNUAL PLAN OF WORK.

Based on City's published agenda summary, a person of ordinary education and intelligence would have understood that City Council may or may not approve the proposed budgets at the special meeting. City failed to distinguish "consideration" of the city budget from further "amendment" to the city budget.

¶11 The document section of the agenda simply listed five items, with the last one noted being "FYE 2021 Budget Amendments 6-12-2020." City argued that the agenda provided notice of potential amendments to the city budget through that listing. But, the list of attachments on the agenda does not provide notice to the public that new, additional amendments would be entertained at the special meeting; at most, it provided notice that Council would consider the items contained within the "attached" June 12th document. And the June 12th document did not include any of the disputed amendments to provide notice therein.[5]

 

¶12 Finally, the proposed action section at the bottom of the agenda simply allowed for Council to adopt or reject the city budget, not amend it at the special meeting. When combined with the rest of the information in the agenda, a person of ordinary education and intelligence would not have understood that Council could possibly introduce and adopt new amendments to the proposed city budget at the special meeting.

 

¶13 Whether Council still had authority to amend the city budget, pursuant to 11 O.S.2011, § 17-209(A), regardless of the Open Meeting Act is a question of statutory interpretation. We begin with the text of the relevant statutes in order to ascertain their ordinary meaning. Thurston, 2020 OK 105, ¶ 16, 478 P.3d at 420. "[A]ll statutory provisions must be given effect if possible." City of Sand Springs v. Dep't of Pub. Welfare, 1980 OK 36, ¶ 28, 608 P.2d 1139, 1151. "In construing statutes, harmony, not confusion, is to be sought and when parts of an act are reasonably susceptible of a construction which will give effect to both . . . without violence to either, such construction should be adopted . . . ." Cole v. Josey, 2019 OK 39, ¶ 3, 457 P.3d 1007, 1009. Courts should "attempt to avoid unnatural and absurd consequences." Id.

¶14 The Municipal Budget Act requires that municipalities "hold a public hearing on the proposed budget no later than fifteen (15) days prior to the beginning of the budget year."Id. § 17-208. "Notice of the date, time and place of the hearing, together with the proposed budget summary, shall be published . . . not less than five (5) days before the date of the hearing." Id. Section 17-209(A) states that, "[a]fter the hearing and at least seven (7) days prior to the beginning of the budget year, the governing body shall adopt the budget by resolution . . . . The governing body may add or increase items or delete or decrease items in the budget." 11 O.S.2011, § 17-209(A). Although silent regarding notice of a meeting to adopt the budget or potential amendments to the budget, the Municipal Budget Act shares a similar purpose to the Open Meeting Act: providing information to the public.[6]

 

¶15 The Open Meeting Act does nothing to prohibit a municipality from amending its budget, pursuant to section 17-209(A). In fact, it does not mention budgets at all. But that does not mean section 17-209(A) operates independently; rather the Open Meeting Act, commonly known as the Sunshine Act, see Andrews, 1987 OK 40, ¶ 1, 737 P.2d at 930, operates to illuminate the work done through section 17-209. In other words, City must still follow the mandates of the Open Meeting Act when taking action pursuant to section 17-209, whether City is adopting or amending the budget. This outcome harmonizes and gives effect to both statutes. To rule otherwise would create the absurd consequence of disregarding the specific language of the Open Meeting Act and the purpose of both acts, simply for the convenience of the municipality. See Cole, 2019 OK 39, ¶ 3, 457 P.3d at 1009. City noted that the "only way the governing body of a municipality can add or increase items or delete or decrease items in a transparent manner is by amendment during a public meeting." City is correct in that statement, but it does not incorporate the full extent of both statutes--transparency to the public requires advance notice that potential amendments may be considered at the public meeting.

 

¶16 City chose to not include any information in the June 16th agenda that Council planned to continue discussions from June 9th, regarding potentially reallocating resources or amending the city budget at the special meeting. City contends that the large number of emails received and members of the public who came to speak evidence that the agenda provided proper notice. This argument fails to take into account the people who attended the June 9th meeting and previous study sessions, or learned about the discussions from those participants or other news sources. More importantly, the argument fails to directly address the vague language in the agenda notice. The fact that a large number of people attended the Council meeting despite what the agenda stated does not cure the harm to the public. When an action is taken in violation of the Act "it is irrelevant whether the action was popular or unpopular." In re Order Declaring Annexation Dated June 28, 1978, Issued by Frazier, 1981 OK CIV APP 57, ¶ 22, 637 P.2d 1270, 1274.

¶17 In Andrews, the plaintiffs contended that the agenda failed to give notice under the Act because it stated that the Superintendent would present a report and recommendations concerning an "increase in academic requirements," but did not further specify that eligibility requirements for participation in extracurricular activities would be raised. Andrews, 1987 OK 40, ¶¶ 1, 8, 737 P.2d at 930--31.We found that the "Act does not require that the content of the report and recommendations be published in full prior to presenting the report to the Board," and also that agendas for four later meetings all gave notice that eligibility for extracurricular activities would be presented and discussed. Andrews, 1987 OK 40, ¶ 8, 737 P.2d at 931. Andrews is easily distinguishable from the matter before us as the agenda in this matter did not give any notice that Council would consider new amendments at the special meeting.

¶18 The Open Meeting Act provides that, "[a]ny action taken in willful violation of this act shall be invalid." 25 O.S.2011, § 313.

Wilfullness does not require a showing of bad faith, malice, or wantonness, but rather, encompasses conscious, purposeful violations of the law or blatant or deliberate disregard of the law by those who know, or should know the requirements of the Act. Notice of meetings of public bodies which are deceptively vague and likely to mislead constitute a wilful violation.

Rogers v. Excise Bd. of Greer Cty., 1984 OK 95, ¶ 14, 701 P.2d 754, 761. City knew that Council would continue discussions about potentially reallocating funds within the city budget from the June 9th meeting at the June 16th special meeting, but City disregarded the Open Meeting Act and failed to include anything on the agenda to give the public notice of the matters under consideration in this challenge. The agenda instead specifically limited Council's potential actions to adopting or rejecting the city budget, thereby concealing the actions taken by Council. If, after discussion of the city budget, Council wanted to amend it, the Open Meeting Act required that Council call a separate meeting and give proper notice to the public of its intentions.

¶19 City's agenda for the June 16th special meeting was deceptively vague and likely to mislead, therefore it was a wilful violation of the Open Meeting Act. Because City wilfully violated the Act, actions taken at the special meeting are invalid. See 25 O.S.2011, § 313.

IV. CONCLUSION

¶20 City's agenda did not provide sufficient notice of the June 16, 2020 special meeting as required by the Open Meeting Act. We find that the language used in the agenda was deceptively vague and likely to mislead regarding the meeting and was therefore a wilful violation of the Act. Due to City's failure to post a valid notice under the Open Meeting Act, City's amendment of the city budget and subsequent approval of the amended budget is invalid. We find there are no disputes as to any material facts and Plaintiff is entitled to judgment as a matter of law. The district court's order granting summary judgment is affirmed.

ORDER OF THE DISTRICT COURT IS AFFIRMED.

CONCUR: Darby, C.J., Kane, V.C.J., Kauger, Winchester, Edmondson, Combs, Gurich, and Rowe (by separate writing), JJ.

FOOTNOTES

[1] The June 16th meeting was by definition a continued or reconvened meeting, but City chose to publish notice for it as a special meeting -- thereby limiting consideration to only matters listed on the June 16th agenda, not new business. See 25 O.S. Supp. 2020, §§ 304(4), (6), 311(A)(12).

[2] We only address the challenged amendments in this opinion.

[3] After the hearing and at least seven (7) days prior to the beginning of the budget year, the governing body shall adopt the budget by resolution, or as any charter may require, at the level of classification as defined in Section 17-213 of this title. The governing body may add or increase items or delete or decrease items in the budget. In all cases the proposed expenditures shall not exceed the estimated revenues and appropriated fund balance for any fund.

11 O.S.2011, § 17-209(A).

[4] The court noted that it only reviewed the first 5 pages of each reply, in accordance with local court rules.

[5] City noted the disputed amendments were not available forty-eight hours prior to the special meeting in order to be included in the agenda, therefore the disputed amendments could not be listed on the June 12th document.

[6] The purpose of this act is to provide an alternate budget procedure for municipal governments which will:

1. Establish standard and sound fiscal procedures for the adoption and administration of budgets;
2. Make available to the public and investors sufficient information as to the financial conditions, requirements and expectations of the municipal government; and
3. Assist municipal governments to improve and implement generally accepted standards of finance management.

11 O.S.2011, § 17-202 (emphasis added).

 

 

ROWE, J., with whom WINCHESTER, COMBS and GURICH, JJ., join, concurring:

¶1 During the summer of 2020, calls to "defund the police" intensified across the United States. These calls led to questions among municipal governments as to whether--or to what extent--police department budgets should be cut.

¶2 The Norman City Council confronted this very question in June 2020 when considering its fiscal year 2021 operating and capital budgets. The budgets were placed on the agenda for consideration and adoption at the June 9, 2020 council meeting. At the June 9th meeting, the Council received public comments on both budgets, but the meeting was adjourned at 12:00 A.M. on the morning of June 10th and action was postponed until a special meeting could be held on June 16, 2020. The Council was set to convene for the special meeting on June 16th at 6:30 P.M. The agenda posted for the June 16th special meeting listed one item of business:

CONSIDERATION OF ADOPTION OF THE FYE 2021 CITY OF
NORMAN PROPOSED OPERATING AND CAPITAL BUDGETS
AND THE NORMAN CONVENTION AND VISITORS BUREAU, INC.,
BUDGET WITH DETAILED ANNUAL PLAN OF WORK.

The agenda included two specific action items, which provided for the "adopt[ion] or reject[ion]" of both budgets. The agenda also contained a series of attachments, with the most notable being a list of eleven proposed budget amendments. The list did not include any reductions or modifications to the police budget.

¶3 Prior to the special meeting on June 16th, the Council convened for a study session on the budgets at 5:00 P.M. The posted agenda for the study session listed one item of business:

PRESENTATION AND DISCUSSION OF THE NORMAN POLICE
DEPARTMENT BUDGET AND ASSOCIATED PROGRAMS.

The minutes from the study session reflect that Norman Police Chief Kevin Foster presented and answered questions on the Norman Police Department's guidelines on the use of deadly force and implementation of racial bias training, among other things. The apparent purpose of Chief Foster's presentation was to assuage the Council's and the public's concern by highlighting the Police Department's efforts to prevent incidents involving unjustified uses of force.

¶4 Following the 5:00 P.M. study session, the Council convened at 6:30 P.M. for the special session. After adopting the budget for the Norman Convention and Visitors Bureau, the Council then set about discussing and voting on the proposed amendments to the operating and capital budgets that were specifically listed on the attachment to the agenda. After all the amendments included on the attachment to the agenda were considered, the Council then took up three additional amendments--which were not listed on the attachment to the agenda--that collectively reallocated $865,000.00 of the Police Department's budget for the establishment of an internal auditor and other community programs. All three amendments were adopted overwhelmingly.

¶5 Plaintiff has challenged the action on these three amendments as taken in violation of the Open Meeting Act ("OMA"), 25 O.S. §§ 301-314. Specifically, Plaintiff claims that because the amendments in question were not listed on the agenda or any of the accompanying documents, the public was not given sufficient notice that they would be considered.

¶6 The express purpose of the OMA is to "encourage and facilitate an informed citizenry's understanding of governmental processes and governmental problems." 25 O.S. § 302. In accordance with that goal, the OMA has strict rules on notice, which require public bodies to "display public notice of the meeting, setting forth the date, time, place and agenda for the meeting" at least 24 hours prior to the meeting. Id. § 311(A)(12). The matters which may be considered at a meeting are limited to those included on the agenda. Id.

¶7 While the OMA's requirements are strict, they are not so exacting as to interfere with the ability of public bodies to freely conduct business. In Andrews v. Independent School District No. 29 of Cleveland County, 1987 OK 40, 737 P.2d 929, two parents brought suit seeking to enjoin the enforcement of a school policy increasing the eligibility requirements to participate in extracurricular activities. The agenda for the meeting in question indicated that the superintendent would present his report and recommendation on an "increase in academic requirements." Id. ¶8, 737 P.2d at 931. At the meeting, the superintendent recommended increasing the minimum number of credits required for graduation and the eligibility requirements for participation in extracurricular activities. Id. The parents claimed the school board violated the OMA because the language in the agenda did not provide sufficient notice that the eligibility requirements for activities would be increased. Id. This Court rejected the parents' claim, stating, "The Act does not require that the content of the report and recommendations be published in full prior to presenting the report to the Board." Id.

¶8 Contrary to the majority's analysis, what distinguishes the present case from Andrews is not a lack of specificity in the agenda. In Andrews the agenda contained broad language that afforded the school board flexibility in what could be discussed and acted upon at the meeting, whereas in the present case, the language in the agenda was very precise as to the scope of action the Council could take. The action items included on the agenda provided the Council with the option to either adopt or reject the budgets under consideration. The agenda also included the proposed eleven amendments, which placed the public on notice that they would be considered. But the delineation of these amendments, taken together with the confining language of the action items and omission of any reference to the possibility of other amendments, created a false implication that Council's activity would be limited to adopting or rejecting the budgets, subject only to the listed amendments. This implication misled the public.

¶9 For the reasons specified above, the agenda for June 16, 2020 special meeting did not meet the statutory requirements of the OMA, which now leaves only the question of willfulness. Actions taken in willful violation of the OMA are invalid. 25 O.S. § 313. We have taken willfulness, as it is used in the OMA, to "encompass[] conscious, purposeful violations of the law or blatant or deliberate disregard of the law by those who know, or should know the requirements of the Act." Rogers v. Excise Bd. of Greer Cty., 1984 OK 95, ¶14, 701 P.2d 754, 761. Here, the study session that occurred prior to the special meeting is clear evidence that the City willfully violated the OMA. The study session demonstrates that prior to publishing the agenda for the special meeting, the City was contemplating reductions to the Police Department budget. Despite knowing that reductions would likely be considered at the special meeting, the City omitted any reference to the amendments in question either on the agenda itself or the attachments. The omission on the agenda of the well-known and previously discussed amendments to reduce the police department budget was misleading at best, deceptive at worst, and constitutes a willful violation of the OMA.

¶10 Accordingly, I concur in the Court's judgment that the City's adoption of the budget as amended is invalid.

 

 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2021 OK CIV APP 34, J.W. v. INDEPENDENT SCHOOL DISTRICT NO. 10 of DEWEY COUNTY
Discussed


 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1981 OK CIV APP 56, 637 P.2d 902, Haworth Bd. of Ed. of Independent School Dist. No. I-6, McCurtain County v. Havens
Discussed at Length
 1981 OK CIV APP 57, 637 P.2d 1270, Matter of Order Declaring Annexation Dated June 28, 1978, Issued by Frazier
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1987 OK 40, 737 P.2d 929, 58 OBJ 1422, Andrews v. Independent School Dist. No. 29 of Cleveland County
Discussed at Length
 2010 OK 48, 237 P.3d 181, LAFALIER v. THE LEAD-IMPACTED COMMUNITIES RELOCATION ASSISTANCE TRUST
Discussed
 1980 OK 36, 608 P.2d 1139, City of Sand Springs v. Department of Public Welfare
Discussed
 2019 OK 39, 457 P.3d 1007, COLE v. JOSEY
Discussed at Length
 2020 OK 81, 474 P.3d 859, TOCH, LLC v. CITY OF TULSA
Discussed
 2020 OK 105, 478 P.3d 415, THURSTON v. STATE FARM MUTUAL AUTOMOBILE INSUR. CO.
Discussed at Length
 1981 OK 95, 632 P.2d 408, International Ass'n of Firefighters, Local 2479 v. Thorpe
Discussed
 1984 OK 95, 701 P.2d 754, Rogers v. Excise Bd. of Greer County
Discussed at Length
Title 11. Cities and Towns
 Cite
Name
Level

 11 O.S. 17-202, Purpose of Act
Cited
 11 O.S. 17-209, Adoption of Budget - Filing - Effective Period - Use of Appropriated Funds - Levying Tax
Discussed at Length
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2056, Motion for Summary Judgment
Cited
Title 25. Definitions and General Provisions
 Cite
Name
Level

 25 O.S. 301, Short Title
Discussed at Length
 25 O.S. 302, Public Policy
Discussed
 25 O.S. 304, Definitions
Cited
 25 O.S. 311, Public Bodies - Notice
Cited
 25 O.S. 313, Actions Taken in Willful Violation of Act
Discussed at Length


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA