OSCN Found Document:OKLAHOMA SCHOOLS RISK MANAGEMENT TRUST v. LEXINGTON SCHOOL DISTRICT, et al.

 

 
 OKLAHOMA SCHOOLS RISK MANAGEMENT TRUST v. LEXINGTON SCHOOL DISTRICT, et al.2026 OK 38Case Number: 123469Decided: 05/27/2026SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2026 OK 38, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

OKLAHOMA SCHOOLS RISK MANAGEMENT TRUST, Petitioner,
v.
LEXINGTON SCHOOL DISTRICT; ATOKA PUBLIC SCHOOLS; BATTIEST PUBLIC SCHOOLS; CIMARRON PUBLIC SCHOOLS; CRESCENT PUBLIC SCHOOLS; FANSHAWE PUBLIC SCHOOL; GYPSY ELEMENTARY SCHOOL; HARTSHORNE SCHOOL DISTRICT; HOLDENVILLE PUBLIC SCHOOLS; HOWE PUBLIC SCHOOLS; MANNSVILLE PUBLIC SCHOOL; MARIETTA PUBLIC SCHOOLS; MILBURN PUBLIC SCHOOLS; OKEENE PUBLIC SCHOOLS; RAVIA PUBLIC SCHOOL; RINGWOOD PUBLIC SCHOOLS; SHADY POINT PUBLIC SCHOOL; SWEETWATER PUBLIC SCHOOL; TIMBERLAKE PUBLIC SCHOOLS; TISHOMINGO PUBLIC SCHOOL; WAYNOKA INDEPENDENT SCHOOL DISTRICT 3; and WILBURTON PUBLIC SCHOOLS, Respondents.

REVIEW OF CERTIFIED INTERLOCUTORY ORDER ENTERED IN THE DISTRICT COURT OF CLEVELAND COUNTY;

Honorable Thad Balkman, District Judge

¶0 Petitioner brought claims against the Respondent school districts for failure to pay one or more invoices and sought a declaratory judgment that an agreement between Petitioner and the Respondent school districts created an obligation for the Respondent school districts to pay the invoices. Petitioner and Respondent school districts filed cross-motions for partial summary judgment regarding Open Meeting Act compliance. The trial court rendered partial summary judgment in favor of Respondent school districts, finding that Petitioner willfully violated the Open Meeting Act. The trial court certified its order for interlocutory review. We granted Petitioner's petition for certified interlocutory appeal. We hold that Petitioner willfully violated the Open Meeting Act.

PETITION FOR CERTIORARI PREVIOUSLY GRANTED;
DISTRICT COURT'S ORDER GRANTING RESPONDENT SCHOOLS' CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT IS AFFIRMED

Lewis T. Lenaire, Crowe & Dunlevy, PC, Oklahoma City, Oklahoma for Plaintiff/Petitioner.

Kent B. Rainey and Adam S. Breipohl, Rosenstein, Fist & Ringold, Tulsa, Oklahoma for the Battiest Defendants/Respondents.

Douglas A. Rice and Adam J. Singer, Derryberry & Naifeh, LLP, Oklahoma City, Oklahoma for the Cimarron Defendants/Respondents.

OPINION

KUEHN, V.C.J.:

¶1 Oklahoma Schools Risk Management Trust (OSRMT) was established by the Oklahoma Schools Risk Management Trust Agreement (Trust Agreement) pursuant to the Interlocal Cooperation Act, 74 O.S. § 1001et seq., to provide public schools and school districts with member-funded self-insurance coverage for casualty and property claims. 

¶2 Before April 2019, the Trust Agreement provided for the collection of additional contributions depending on when the district's membership began. Reserve contributions could be refundable, and the Trust Agreement allowed for preferred dividend rights. At a regularly scheduled meeting on April 23, 2019, the OSRMT Board of Trustees voted to amend the Trust Agreement to implement a new, nonrefundable collectible, the reserve (capital) contributions, to increase OSRMT's pool of reserves for covered claims to offset declining membership.

¶3 Per Oklahoma law, the Board, as a public entity, was required to submit the modified agreement to the Attorney General to determine whether the form of the agreement was proper and compatible with Oklahoma law. 74 O.S. § 1004

¶4 The next OSRMT meeting, originally scheduled for June 11, 2019, was rescheduled to June 12. The OSRMT administrator sent notices of the changed date to all required to receive OSRMT notices and to individuals who regularly attended the meetings but failed to inform the Secretary of State.

¶5 An administrative assistant posted the agenda for the June 12, 2019 meeting on June 7, the same day the Attorney General's office notified OSRMT of the issues with the amended Trust Agreement. After learning that a new submission would be required, OSRMT neither amended the agenda nor rescheduled the meeting to accommodate it. The agenda remained as originally posted on June 7 and did not list the Board's vote to adopt and submit a new version of the amended Trust Agreement. Instead, the agenda included unrelated agenda items and a general "New Business" item. At the June 12 meeting, under "New Business," the Board voted to adopt the amended Trust Agreement and submit it to the Attorney General. On July 17, 2019, the Attorney General's office approved the amended Trust Agreement.

¶6 The amended Trust Agreement became effective on July 1, 2020. Over the next year, member schools paid some invoices, but, as of March 2022, only 51 of the 77 member schools had paid the June 2021 invoice. As a result of unpaid invoices, OSRMT brought claims against Respondent Schools for failure to pay one or all of the invoices and sought declaratory judgment that the amended Trust Agreement and the subscription agreements created an obligation for Respondent Schools to pay the invoices. Respondent Schools asserted "conditions precedent" in their answers to the OSRMT Petition, and discovery proceeded, disclosing the Open Meeting Act (OMA) issues.

¶7 Anticipating the OMA challenges, OSRMT moved for partial summary judgment, asking the district court to determine as a matter of law that (1) the April 23 meeting fully complied with the OMA; (2) OSRMT's failure to notify the Secretary of State of the changed meeting date from June 11 to June 12 was not a willful violation of the OMA; and (3) the use of the "New Business" agenda item to vote to adopt and submit a new Trust Agreement was proper under the OMA.

¶8 Respondent Schools filed cross-motions for summary judgment, arguing that OSRMT willfully violated the OMA because (1) the April amended Trust Agreement was rescinded in its entirety and the June 12 vote on the amended Trust Agreement was not placed on the agenda for that meeting, and (2) the Secretary of State was not informed of the changed meeting date. Respondent Schools do not dispute that the April 2019 meeting complied with OMA requirements.

¶9 After a hearing on the motions, the trial court denied OSRMT's motion for partial summary judgment and granted Respondent Schools' cross-motions based on a finding that the Board willfully violated the OMA. We granted OSRMT's petition for certified interlocutory appeal of those rulings.

¶10 The issues for the Court to determine are whether OSRMT complied with the OMA statutory notice and agenda requirements when voting to adopt and submit a new version of the amended Trust Agreement, and, if OSRMT did not comply with the requirements, whether the failure to comply was a willful violation.

Standard of Review

¶11 OSRMT seeks review of a certified interlocutory order denying its motion for partial summary judgment and granting Respondent Schools' cross-motions for partial summary judgment. See Okla.Sup.Ct.R. 1.50, 12 O.S. ch. 15, app. 1. Because denial of a motion for summary judgment is neither an interlocutory ruling appealable by right nor eligible for review by certification, our review is limited to the part of the trial court's order that granted partial summary judgment to Respondent Schools. Baughman v. World Acceptance Corp., 2025 OK 57576 P.3d 931de novo. Mills v. J-M Mfg. Co., Inc., 2025 OK 23567 P.3d 385de novo review. Hirschfeld v. Oklahoma Tpk. Auth., 2023 OK 59541 P.3d 811

Discussion

¶12 As a public trust under the Interlocal Cooperation Act, 25 O.S. § 30225 O.S. §§ 30325 O.S. § 311Fraternal Ord. of Police, Bratcher/Miner Mem'l Lodge, Lodge No. 122 v. City of Norman, 2021 OK 20489 P.3d 20Id.

¶13 Transparency to the public also requires public bodies to provide advance notice that potential amendments may be considered at public meetings. Id. at ¶ 15, 489 P.3d at 25. This notice requirement is tempered by a narrow exception for genuinely unanticipated matters: "New Business." The posting of a notice does not preclude a public body from considering "new business" at a regularly scheduled meeting. 25 O.S. § 311

I. Lack of notice in the agenda regarding the consideration of the amended Trust Agreement violated the OMA.

¶14 "New business" is defined under the OMA as "any matter not known about or which could not have been reasonably foreseen prior to the time of the posting." Id. The scope of this definition is what OSRMT puts at issue. OSRMT argues that the phrase "time of the posting" allows a public body to treat any matter arising after the agenda is physically or digitally posted as "new business." The question is whether "new business" is confined to matters arising in the 24 hours before a regular meeting or whether it reaches any matter arising at any time after the agenda was posted.

¶15 OSRMT contends that it complied with the OMA. The agenda was posted on June 7, the same day the Attorney General's office notified the Board of its objections to the amended Trust Agreement. Three days later, on June 10, OSRMT learned that it could not simply withdraw the rejected provision but would instead need to vote on a new version of the amended Trust Agreement. Because that requirement arose after the agenda was posted, OSRMT argues, the Board properly considered the new amended Trust Agreement under the "New Business" heading at the June 12 meeting. OSRMT's reading depends on interpreting the phrase "time of posting" in the OMA's definition of "new business" apart from the rest of the OMA.

¶16 When applying a statute, this Court gives effect to legislative intent; if the legislative intent is plain from the statute, this Court implements the statute. Owens v. Owens, 2023 OK 12529 P.3d 905Matter of Termination of Parental Rts. of Schultz, 2017 OK 5389 P.3d 322Fraternal Ord. of Police, 2021 OK at ¶ 9, 489 P.3d at 24.

¶17 Considered in its entirety, the OMA requires public bodies to display a public notice that includes the date, time, place, and an agenda identifying "all items of business to be transacted by a public body at a meeting" so that the public is informed of the governmental process and governmental problems. The Legislature clearly intended for the agenda to provide the public with sufficient notice of all subject matter of the business that public bodies would transact at a meeting. Hirschfeld v. Oklahoma Tpk. Auth., 2023 OK 59541 P.3d 811

¶18 Reading "new business" as broadly as OSRMT proposes would undermine that purpose. If any matter arising after the agenda was first posted could be swept in under "new business," the notice requirement would be reduced to a formality: a public body could post an agenda weeks in advance, learn of additional items days later, and still take action on those items without ever telling the public. That result is inconsistent with both the text of the OMA and the Legislature's evident purpose. The "new business" exception exists only for matters that genuinely cannot be placed on an agenda in time. Consistent with that purpose, "new business" is "something [that] might arise . . . on less than twenty-four hours notice that a public body may need to discuss," "exclud[ing] Saturdays, Sundays and holidays legally declared by the State of Oklahoma." The Honorable Robert H. Macy, 1982 OK AG 11425 O.S. § 311

¶19 OSRMT also argues that the Legislature's use of "or" in the definition of "new business" means a matter qualifies if the public body shows either (1) that it did not know about the matter before the agenda was posted, or (2) that it could not have reasonably foreseen the matter before the agenda was posted. Read in favor of the public and in light of the statute as a whole, however, the disjunctive "or" narrows what a public body may consider as "new business"; it does not give the public body two alternative defenses to invoke when it fails to comply with the agenda requirements. The matter qualifies as "new business" only if it was both unknown and could not have been reasonably foreseen at the time of posting. In this case, OSRMT knew on June 10 that a new vote would be required, yet did nothing to amend the June 7 agenda, relying on "New Business" to cover the issue at the June 12 meeting.

¶20 Withdrawing the April submission and voting to adopt and submit a new amended Trust Agreement was not housekeeping. Revisiting or changing a prior substantive vote is itself a substantive act--not a ministerial clean-up. The OMA requires that such action appear on the agenda so the public has meaningful notice of the business its public bodies intend to conduct, and OSRMT's "housekeeping" label cannot excuse its failure to amend the agenda.

¶21 And OSRMT had ample means to comply. It could have posted an amended agenda on June 10 or June 11, deferred the vote on an amended Trust Agreement to the next regular meeting, or called a special meeting. Instead, the Board voted to adopt and submit the new version of the amended Trust Agreement under the heading "New Business." Because OSRMT was aware more than 24 hours before the meeting that the Board would need to vote to approve and submit a revised amended Trust Agreement, and because the agenda failed to provide notice that the Board would consider the amended Trust Agreement, the vote taken under "New Business" reached matters outside the scope of the posted agenda. That action exceeded the scope of the agenda and violated the OMA. See Fraternal Ord. of Police, 2021 OK at ¶¶ 17--18, 489 P.3d at 25--26; see also Hirschfeld, 2023 OK at ¶ 17, 541 P.3d at 820.

II. Voting to submit the amended Trust Agreement to the Attorney General without notice in the agenda regarding the consideration of the amended Trust Agreement was a willful violation of the OMA.

¶22 After finding that a public body violated the OMA, the Court must determine whether the violation was willful, because the OMA provides that an action taken in willful violation of the statute will be invalidated. 25 O.S. § 313Fraternal Ord. of Police, 2021 OK at ¶ 18, 489 P.3d at 26. A public body need not intend to evade the statute; it is enough that the body knows what the OMA requires and nonetheless takes action outside those requirements. See Bailey v. State ex rel. Bd. of Tests for Alcohol & Drug Influence, 2022 OK 50510 P.3d 845

¶23 The record here satisfies that standard. OSRMT's general counsel learned on June 7 that the Attorney General's office had rejected the April amended Trust Agreement. The agenda for the June 12 meeting was posted the same day with a general "New Business" item. Three days later, on June 10, OSRMT withdrew the amended Trust Agreement and informed the Attorney General's office that the Board would vote on a new version. On June 12, the Board met and voted to adopt and submit that new version. OSRMT therefore knew more than 24 hours before the meeting that the Board would vote on a new version of the amended Trust Agreement, yet "failed to include anything on the agenda to give the public notice of the matters under consideration." Fraternal Ord. of Police, 2021 OK at ¶ 18, 489 P.3d at 26.

¶24 OSRMT had two days to post an amended agenda or to take any of the other steps the OMA makes available. It did neither. Leaving the agenda unchanged in the face of known, substantive business is precisely the kind of conscious and deliberate disregard of the statute that this Court's cases describe. The "New Business" heading, as used here, was deceptively vague and likely to mislead the public about what the Board would actually consider at the June 12 meeting. That is a willful violation of the OMA. Id. at ¶ 19, 489 P.3d at 26.

Conclusion

¶25 The trial court correctly decided that OSRMT willfully violated the OMA. Because OSRMT willfully violated the OMA by failing to include a vote to adopt and submit the amended Trust Agreement in the agenda for the June 2019 meeting, this Court need not consider whether OSRMT willfully violated the OMA by failing to notify the Secretary of State of the date change for the June meeting.

DISTRICT COURT'S ORDER GRANTING RESPONDENT SCHOOLS' CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT IS AFFIRMED

CONCUR: Rowe, C.J., Kuehn, V.C.J., and Edmondson, Combs, Gurich and Darby, JJ.

CONCUR IN PART/DISSENT IN PART: Kane, J.

DISSENT: Jett, (by separate opinion), and Winchester, JJ.

KANE, J., CONCURRING IN PART/DISSENTING IN PART:

"I would not find that willful violation of the Open Meeting Act has occurred."

FOOTNOTES

It is the purpose of Section 1001 et seq. of this title to permit local governmental units to make the most efficient use of their powers by enabling them to cooperate with other localities on a basis of mutual advantage and thereby to provide services and facilities in a manner and pursuant to forms of governmental organization that will accord best with geographic, economic, population and other factors influencing the needs and development of local communities. The cooperating governmental units can, if they deem it necessary, create an entity to carry out the cooperative functions.

74 O.S. § 1001.

See 74 O.S. § 1003

See 25 O.S. § 304

JETT, J., with whom Winchester, J., joins, dissenting:

¶1 The Open Meeting Act requires public bodies to post an agenda in advance of meetings. 25 O.S. § 311Id. § 311(A)(10) & § 311(B)(1). The Act defines new business as "any matter not known about or which could not have been reasonably foreseen prior to the time of the posting . . . ." Id. § 311(A)(10). In my view, the revised amendment to the Trust Agreement of the Oklahoma Schools Risk Management Trust (Trust) was new business under the Act. The need to re-enact the amended Trust Agreement was not known or foreseeable at the time the agenda was posted on June 7, 2019. The Trust did not violate the Open Meeting Act by considering and enacting the revised amendment to the Trust Agreement as new business on June 12, 2019.

¶2 Additionally, under this Court's precedent in Bailey v. State ex rel. Bd. of Tests for Alcohol & Drug Influence, 2022 OK 50510 P.3d 845

¶3 I respectfully dissent and would reverse the decision of the trial court.

I.

¶4 Defendants in this case are school districts who are members of the Oklahoma Schools Risk Management Trust (Trust), which is an interlocal cooperative established to provide self-insurance for property and casualty claims. The relationship between school district members and the Trust is governed by a Trust Agreement. On April 23, 2019, the Trust's Board of Trustees voted to amend the Trust Agreement to impose a new assessment on member school districts called the reserve(capital) contribution. It is undisputed that the Board of Trustees' April 23, 2019, action complied with the Open Meeting Act.

¶5 The Trust submitted the amended Trust Agreement to the Attorney General for approval on June 5, 2019, pursuant to 74 O.S. § 1004

¶6 On Friday, June 7, 2019, the summary judgment record indicates that the Trust posted the agenda for a meeting of the Trust to be held on June 12, 2019. According to the schedule of the Trust's regular meetings filed with the Secretary of State in December 2018, the Trust's June 2019 meeting was scheduled for June 11. But due to a Board member's scheduling conflict, the regular meeting was rescheduled for June 12. The Trust sent direct notice of the scheduling change to all individuals who regularly attend or who were entitled to receive notice but inadvertently failed to send notification of the date change to the Secretary of State.

¶7 Also on June 7, 2019, the Attorney General's office contacted the Trust's counsel by phone to advise that the amended Trust Agreement could not be approved due to changes to a section of the Trust Agreement that required a vote of all Trust members. The proposed amendment to the section objected to by the Attorney General is unrelated to the current dispute. In a June 10, 2019, phone call the Trust's counsel inquired whether the Trust could withdraw the amendment to the offending section and leave all other amendments in place. On that call, the Attorney General's office advised that it would not consider a different version of the amended Trust Agreement without a new Board vote.

¶8 By June 10, the agenda for the June 12 meeting had been posted, and the agenda contained an agenda item for new business. On June 12, 2019, the Board of Trustees considered and approved a new version of the Trust Agreement containing all amendments previously approved by the Board on April 23, 2019 (including the reserve (capital) contribution), less and except the original amendment to the problematic section. The Attorney General approved the new version of the amended Trust Agreement.

¶9 Defendant school districts did not pay one or more reserve (capital) contributions, and the Trust filed the underlying lawsuit. After the commencement of this litigation, Defendant school districts argued for the first time that the amendment to the Trust Agreement that imposed the reserve (capital) contributions violated the Open Meeting Act. Specifically, Defendants argue that the Trust willfully violated the Act (1) by enacting the revised amended Trust Agreement under new business on June 12 and (2) by failing to advise the Secretary of State that the June 2019 meeting had been rescheduled from June 11 to June 12, 2019.

II.

¶10 The Risk Management Trust did not violate the Open Meeting Act when it considered and enacted the revised amendment to the Trust Agreement at its June 2019 meeting under the new business agenda item.

¶11 This dispute requires us to determine whether the revised amendment to the Trust Agreement on June 12, 2019 constitutes new business. New business is plainly defined at 25 O.S. § 311Yocum v. Greenbriar Nursing Home, 2005 OK 27130 P.3d 213actually accomplishes and not to what a legislature states it is accomplishing." Naifeh v. State ex rel. Okla. Tax Comm'n, 2017 OK 63400 P.3d 759

A.

¶12 Pursuant to 25 O.S. § 31125 O.S. § 311See id. § 311(A)(9)(a)--(b).

¶13 In my view, the majority's position that new business can be transacted only if the matter was not known about or reasonably foreseeable at the agenda posting deadline--i.e. 24 hours in advance of the meeting, see 25 O.S. § 311

¶14 I agree with the majority's view that amended agendas are permissible under the Open Meeting Act. I am also sympathetic to the majority's view that public bodies should post an amended agenda when new issues arise after posting an agenda if possible. I disagree, however, that an agency must post an amended agenda when unforeseen issues arise after posting pursuant to § 311(A)(10). In my view, the Legislature must determine that an agency is required to post an amended agenda if an unknown or unforeseeable matter arises between the posting of an agenda and the 24-hour agenda deadline.

¶15 The majority suggests that allowing unknown and unforeseeable issues at the time of posting to be transacted as new business will encourage public bodies to post agendas weeks in advance to avoid the Open Meeting Act's agenda requirements. But this uncomfortable hypothetical should not dictate the rule of decision in this case. First, this case is not an instance in which a public body's agenda was posted an unreasonably long time before a scheduled meeting. Here, the agenda was posted on the Friday before the Wednesday meeting. Second, it is the Legislature that must implement this directive. Section § 311(A)(10) provides that the time of posting--and not the posting deadline--is the appropriate time from which to consider whether new business was known about or reasonably foreseeable.

¶16 On the record presented, I conclude that the need to reenact the amendment to the Trust Agreement was not known or reasonably foreseeable until June 10, 2019, i.e. the Monday before the scheduled Wednesday meeting. By that time, the meeting agenda had already been posted. (The meeting agenda was posted Friday, June 7, 2019.) While the Attorney General's office identified problems on June 7, the record is insufficient to establish as a matter of law that the Trust was put on notice prior to posting so as to justify summary judgment for Defendants. Moreover, the record indicates that it was not until Monday, June 10 that the Attorney General's office advised the Trust that the amendment would have to be reenacted. Thus, the reenactment of the amendment was properly transacted as an item of new business, and no Open Meeting Act violation occurred.

B.

¶17 Even if the majority is correct that the Open Meetings Act prohibited the Trust from enacting the amended Trust Agreement as new business, I disagree that the Risk Management Trust willfully violated the Act.

¶18 Section 311(A)(10) says that new business is defined as matters that are unknown and unforeseeable at the time of posting. Since this is the first time this Court has decided that the "time of posting" means the 24-hour deadline to post an agenda rather than the actual time of posting, I cannot agree that the Trust willfully violated the Open Meeting Act. In my view, the Trust's belief that it could consider and enact the amended Trust Agreement as new business was reasonable. Without the benefit of the decision in this case, I cannot conclude that the Trust's course of conduct was a willful violation of the Act. The record shows that the Trust did not purposefully hide its adoption of the amendment. In its April meeting, the Risk Management Trust described the amendment in compliance with the Open Meeting Act.

¶19 This was not an attempt to hide an action or mislead the public, and I disagree with the Majority that the Risk Management Trust willfully violated the Open Meeting Act.

III.

¶20 Finally, I disagree with Defendant's position that the Risk Management Trust's failure to notify the Secretary of State of the date change from June 11, 2019 to June 12, 2019 constitutes a willful violation of the Open Meeting Act. Pursuant to 25 O.S. § 311Id. § 311(A)(7). If a change to a meeting schedule becomes necessary, public bodies must notify the Secretary of State in writing "not less than ten (10) days prior to the implementation of any such change . . . ." Id. § 311(A)(8).

¶21 Under the plain language of § 311(A)(8), the Risk Management Trust was required to notify the Secretary of State of the meeting date change. The failure to send the requisite notice to the Secretary of State violates the Open Meeting Act, but to invalidate the Trust's action the violation must be willful. 25 O.S. § 313Bailey v. State ex rel. Bd. of Tests for Alcohol & Drug Influence, I would hold that this is not a willful violation. 2022 OK 50

¶22 The Open Meeting Act provides that "Any action taken in willful violation of th[e] act shall be invalid." 25 O.S. § 313Bailey, "the character or nature of th[e] act . . . in the context of particular factual circumstances which determines whether the conduct shows or demonstrates a . . . willful violation of a statute the official knows or should know. 2002 OK 55see also id. ¶¶ 26, 37, 510 P.3d at 854, 859.

¶23 In Bailey, this Court identified and applied several factors to the circumstances of the case and determined a willful violation had not occurred. Id. ¶¶ 53--56, 510 P.3d at 862--63. Applying the factors to the factual circumstances, in Bailey this Court determined that there was no evidence any member of the public had relied on notice to the Secretary of State as a means of participating in the meeting, that the failure to notify was a single, honest mistake, and that the failure occurred during unusual circumstances. Id. Similar circumstances presented themselves in this case, including that the reason for noncompliance was an honest mistake, that the manner of noncompliance was a simple failure to send an email to the Secretary of State despite the Risk Management Trust's communication of the meeting change to other regular notice recipients, and that the failure--which seems to have grabbed no one's attention until the filing of this lawsuit--occurred during unusual circumstances. It is also noteworthy that the meeting at issue was delayed by one day. Any person who had attempted to participate in the meeting on June 11 (the date included in the notice kept in the Secretary of State's register) would have been apprised by the posted agenda that the rescheduled meeting would occur the next day.

¶24 Because the circumstances in this case are analogous to Bailey, I would hold that the Risk Management Trust's failure to notify the Secretary of State is not a willful violation.

* * *

¶25 I would vacate the district court's grant of summary judgment in favor of Defendants. Defendants have not demonstrated that enacting the revised amended Trust Agreement as new business violated the Open Meeting Act. Defendants also fail to demonstrate that the Trust's failure to notify the Secretary of State that its June 2019 meeting was rescheduled from June 11 to June 12 constitutes a willful violation of the Act so as to nullify the Board's amendment to the Trust Agreement. I respectfully dissent.

FOOTNOTES

25 O.S. § 302