**COX et al. v. CURNUTT et al.**

No. 35638.

Supreme Court of Oklahoma.

May 11, 1954.

O'NEAL, Justice.

This is an action wherein plaintiffs seek to recover damages for the alleged faulty construction of a concrete driveway upon plaintiffs' premises located in Oklahoma City, Oklahoma. C. C. Curnutt and Frances Curnutt, plaintiffs in the trial court, will be referred to as plaintiffs, and F. A. Cox and George H. Smith, defendants below, will here be referred to by their proper names.

In plaintiffs' Amended Petition they allege that on November 9, 1948, they entered into a written contract with F. A. Cox for certain repairs on plaintiffs' residence and for the construction of a concrete driveway upon the premises. Plaintiffs alleged that the contract obligated F. A. Cox to construct said concrete driveway and the floor of the garage not less than four inches in thickness; that F. A. Cox secured the services of the defendant, George H. Smith, in the construction of the cement work; that there was no written warranty as to said construction work contained in said contract, but an implied warranty as to fitness and good workmanship; that the concrete work was carelessly, negligently and improperly performed and that shortly after its completion cracks developed in the concrete driveway thus depreciating the value of plaintiff's property; that the necessary cost and expense of repairing and reconstructing said driveway will be the sum of $1,000, for which sum plaintiffs prayed judgment.

The defendant, F. A. Cox, by answer, admitted the execution of the written contract with plaintiffs and alleged that the defendant George H. Smith did the concrete work as an independent contractor, but denied that the concrete driveway was carelessly, negligently or improperly constructed, but, on the contrary, in full compliance with the contract. In the alternative, Cox pleaded that if the driveway was improperly constructed by the defendant, Smith, that he have judgment against defendant, Smith, for any sums recovered by plaintiffs.

The defendant George H. Smith filed an answer in the form of a general denial. A verdict was returned in favor of plain-

Robinson, Shipp, Robertson & Barnes, Oklahoma City, Washington & Thompson, Oklahoma City, for plaintiffs in error.

George Miller, Jr., Jack E. Wilson, Oklahoma City, Charles E. Brace, Oklahoma City, for defendants in error.

tiffs against both defendants Cox and Smith in the amount of $650, and from the judgment rendered each defendant appeals.

Plaintiffs do not contend that the defendant Cox breached the express provisions of the contract, but base their recovery upon the alleged breach of the implied warranty of fitness, and that the contractor was obligated to perform the job in a workmanlike manner.

Plaintiffs' testimony tends to establish that the concrete slab upon the driveway measured four and three-eighths inches in thickness and that its compressive strength was 3,800 lbs. to the square inch; that 2,500 lb. compressive strength is the usual requirement made by cement contractors in the construction of similar driveways within the Oklahoma City area.

Two expert witnesses qualifying as testing engineers testified that in their opinion there was nothing wrong with the concrete as to its thickness and strength; that the cracks in the concrete driveway probably resulted from a lack of sufficient expansion joints or failure to use wire mesh or reinforcing steel in laying the conglomerate, or the failure to use a sand base below the concrete slab. They testified that although cracks usually appeared in concrete driveways, that the use of reinforcing steel, a wire mesh, or a sand base would prevent cracks from widening and thus minimize any resulting damage to the driveway.

The evidence is without dispute that plaintiffs' written contract for the repairs and construction was made with the defendant Cox who employed the defendant Smith to do the concrete work. Plaintiffs testified that they had no conversation or agreement with Cox with reference to the use of wire mesh or a. sand base for the construction of the driveway.

Defendant Cox and two cement contractors, doing business in the Oklahoma City area, testified that the expansion joints were placed approximately 20 to 25 feet apart as provided by the Oklahoma City Building Code, and which construction was the customary practice employed by cement contractors; that steel reinforcing or wire mesh and a sand base were not used in cement work in residence driveways unless specified in the contract; and that the use of .reinforcing material or a sand base would not prevent cracks.

The evidence discloses that the defendants contacted the plaintiffs and suggested the use of a wire mesh, but that plaintiffs declined to pay the additional expense therefor. The evidence does not disclose whether the defendants suggested the use of a sand base.

■ As under the conceded facts there was no contractual relation between the plaintiffs and the defendant Smith, the verdict and judgment rendered against him cannot be sustained.

If any liability exists as to the defendant Cox it must be predicated upon plaintiffs' theory that there was an implied warranty of fitness in the construction and an implied stipulation requiring a workmanlike job in the construction of the driveway.

To sustain that contention plaintiffs assume the position that Cox did not (a) place a sufficient number of expansion joints in the driveway; (b) that he did not use steel or wire mesh; and (c) that he did not place sand on the clay base before pouring the conglomerate. Plaintiffs therefore assume the position that defendants' failure to perform one or more of said obligations were breaches of the implied covenants under the contract for which they may recover damages.

An analysis of the evidence discloses that there was a direct conflict in the testimony as to whether the defendants Cox and Smith suggested to the plaintiffs the use of wire mesh as a reinforcing element. There is no evidence in the record that either Cox or Smith suggested to the plaintiffs the use of a sand base under the slab. There is proof that the soil upon the driveway in question consisted of a clay base or gumbo formation, and that such soil whether wet or dry would cause expansions and a movement of concrete thereon.

■■ The question posed by this record is whether the defendant Cox exer-

cised such care and skill as a reasonably competent and skillful person should have exercised in the performance of his contractual obligation.

15 O.S.1951 § 171 provides:

"Stipulations which are necessary to make a contract reasonable or conformable to usage, are implied in respect to matters concerning which the contract manifests no contrary intention."

The general rule with reference to the implied terms of a contract is stated in 17 C.J.S., Contracts, § 328, p. 778, as follows:

"A contract includes not only what is expressly stated but also what is necessarily to be implied from the language used; and terms which may clearly be implied from a consideration of the entire contract are as much a part thereof as though plainly written on its face. In the absence of an express provision therefor, the law will imply an agreement by the parties to a contract to do and perform those things that according to reason and justice they should do in order to carry out the purpose for which the contract was made, and to refrain from doing anything which will destroy or injure the other party's right to receive the fruits of the contract. * * *"

In the case of Cotner v. Mundy, 92 Okl. 268, 219 P. 321, we held:

"Stipulations which are necessary to make a contract reasonable to usage are implied in respect to matters concerning which the contract manifests no contrary intention."

In the case of Ruberoid Co. v. Scott, Tex.Civ.App.1952, 249 S.W.2d 256, the court said:

"Where contract does not provide to contrary, builder must decide whether materials, plans and specifications will produce building intended by parties, at his peril, and is liable to owner if intended building is not produced."

The judgment in favor of the plaintiffs against the defendant, F. A. Cox, is affirmed. The judgment in favor of plaintiffs against the defendant, George H. Smith, is reversed, with instructions to the trial court to sustain his demurrer to plaintiffs' evidence.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.