L. E. SMITH, d/b/a L. E. Smith Construction Company and United Pacific Insurance Company, a Corporation, Plaintiffs in Error,

v.

Donald TORR and Romayne Black Torr, Defendants in Error.

No. 37334.

Supreme Court of Oklahoma.

March 26, 1957.

Rehearing Denied April 30, 1957.

Covington & Donovan, by A. M. Covington, Tulsa, for plaintiffs in error.

Pinkerton & Wills, Tulsa, for defendants in error.

## PER CURIAM.

This action was brought by Donald Torr and Romayne Black Torr, husband and wife, here defendants in error, to recover in damages for alleged breach of a contract for construction of a house in Tulsa, Oklahoma. The contract price was in the sum of $97,710. Plaintiffs sought recovery of $17,500, naming as defendants, L. E. Smith, d/b/a L. E. Smith Construction Company, contracting builder, and United Pacific Insurance Company, a corporation, makers of a contract bond to guarantee the faithful performance of the contract between plaintiffs and Smith.

The case was tried to the court without a jury. Judgment was entered for plaintiffs and against the defendants in the sum of $8,222.50 and defendants appeal. We shall refer to the parties as they appeared in the trial court.

Defendants urge error under a single proposition which is, as stated by defendants, "that the court erred in failing and refusing to sustain defendants' demurrer, and in failing and refusing to render judgment in their favor."

Defendants here contend that plaintiffs sued for damages upon the theory of a loss in value of their real estate and improvements, by reason of failure on the part of the building contractor to perform the contract in a workmanlike manner. That the only real proof and the only finding of the trial court was on a basis of repair costs. Under this situation defendants argue that since plaintiffs did not contend for a recovery on the basis fixed by the trial court, and since the evidence established that whatever defects existed were repairable and plaintiffs failed to change their theory of the action by amendment of their pleadings or oral request to the court, the court went beyond the pleadings and issues in rendering the judgment for plaintiffs.

The defendants' theory then, as we understand it to be, is that there was a variance between the allegations of the petition and the proof to be determined by the fact that plaintiffs sought recovery of damages to be measured by depreciated value, while their proof reflected that the property could be repaired.

Plaintiffs' cause of action, as stated in the petition, is predicated on alleged breach of contract. Plaintiffs plead that the defendant, Smith, warranted that the house would be constructed in a first class manner and that he agreed to remedy any defects in workmanship or materials; that certain defects (described in detail) were discovered and demand made of defendants for correction and remedy, but that they had failed and refused to comply; that by reason of the breach of the contract, in the particulars plead and the failure of defendants "to comply with and perform the terms, covenants and conditions," of the contract and the contract bond, "plaintiffs have been damaged in the amount of $17,500.00."

Issues were joined on answer by the defendants asserting full and proper performance of the building contract and denial that plaintiffs had suffered any damage whatever, and especially denying that defendant Smith had done anything contrary to the contract which a minor repair job could not correct.

Defendants' demurrer to plaintiffs' evidence as being insufficient to support a judgment for plaintiffs, or to establish the measure of damages was overruled. The trial judge, after hearing the evidence of the parties plaintiffs and defendants, in compliance with the agreement and request of the parties viewed the subject house with a building contractor chosen by him. The journal entry of judgment recites the finding of the court that the defendant Smith had breached the contract in certain stated particulars, all of which defects could be repaired. The amount required for the repair in each instance was enumerated and the total of the various items constituted the amount in damages awarded plaintiffs.

Plaintiffs' evidence amply supported the finding of the trial court in each instance of defect, for which recovery was granted, both from the standpoint of a breach of the contract and in the amount necessary to repair. It is also true that plaintiffs' evidence established that all defects of which they complain, with the exception of

one, could be repaired. While plaintiffs offered some evidence in support of a depreciation in property values because of this one defect, and the trial court only awarded recovery on a repair cost basis exclusive of this item, plaintiffs made no record for appeal and here only contend for confirmation of the judgment as entered.

■ Plaintiffs' petition contained sufficient statements of fact to show they had sustained a detriment and the amount thereof, and that defendants had wrongfully caused the detriment. The detriment being of the nature for which the law affords redress the petition stated a cause of action for breach of contract. Schaff v. Rose, 111 Okl. 237, 239 P. 458.

Section 21, Title 23 O.S.1951 fixes the measure of damages for the breach of an obligation arising from contract as, "* * the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. * * *"

■ This court in the cases of Wiebener v. Peoples, 44 Okl. 32, 142 P. 1036, and Stewart v. Riddle, 76 Okl. 70, 184 P. 443, clearly announced in considerable detail the ruling to be applied under this statute as to the measure of damages for defects in the construction of a building. From the rules there stated it is clear that where, as here, the evidence supports a finding that the defects could be remedied by repair the measure of damages is the cost thereof.

■ The measure of damages was a matter of law to be determined by the court. While there is no statement contained in the petition which we can interpret as a claim for any particular measure to be applied, the measure of damages is not an essential fact to be set out in the pleadings. Bowles v. Brown, 187 Okl. 264, 102 P.2d 837; Winemiller v. Lorton, 121 Okl. 99, 249 P. 406.

■ Plaintiffs, having stated a cause of action in their petition for breach of con-

tract and supported their claim for damages by competent proof, it was the duty of the court to award recovery under the applicable rule, which was done.

It follows that there is no merit to the contention of error asserted by the defendants, and the judgment of the trial court should be affirmed.

WELCH, C. J., CORN, V. C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON, and CARLILE, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. Crawford, and approved by Commissioners Jean R. Reed and James H. Nease, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.