2010 OK 82

Don EMBRY, Plaintiff/Petitioner,

v.

INNOVATIVE AFTERMARKET SYS-
TEMS L.P. a/k/a ISA L.P. f/k/a Innova-
tive Aftermarket Systems, Inc. f/d/a IAS
Inc.; Twin City Fire Insurance Compa-
ny; and Hartford Fire Insurance Com-
pany, Defendants/Respondents.

No. 107,777.

Supreme Court of Oklahoma.

Nov. 23, 2010.

Rehearing Denied Feb. 28, 2011.

David Bernstein, Norman, OK, and Joseph T. Acquaviva, Jr., Wilson, Cain & Acquaviva, Oklahoma City, OK, and Joe B. Lawter, Norman, OK, for Plaintiff/Appellant, Don Embry.

Robert D. Nelon and Elisabeth Muckala, Hall, Estil, Hardwick, Gabel, Golden & Nelson, P.C., Oklahoma City, OK, for Defendants/Appellees, Innovative Aftermarket Systems L.P., et al.

REIF, J.:

¶1 This Court has granted certiorari to review a certified interlocutory order. The order, a summary judgment, eliminated bad faith and negligence theories of recovery from plaintiff's suit against defendants. Plaintiff is seeking damages from defendants for failing to pay the deficiency remaining on an auto loan after the total loss insurance settlement by plaintiff's insurer was applied to the loan. He contends the defendants deliberately disregarded the contract term for computing the deficiency and instead computed the deficiency by deducting amounts that were not disclosed at the time of the contract. A detailed analysis of the parties' contract (variously referred to as a debt relief waiver addendum or gap protection), as well as each defendant's involvement with the contract and payment of the deficiency, is set forth in *Embry v. Aftermarket Systems*, 2008 OK CIV APP 92, 198 P.3d 388 (*Embry* I).

¶2 This is the second time the trial court has entered summary judgment in favor of defendants. The first summary judgment was reversed by the Court of Civil Appeals in *Embry* I which held (1) the parties' contract for payment of the deficiency was insurance, and (2) issues of fact concerning defendants' bad faith and negligence in performing the contract precluded summary judgment on these theories of recovery.

¶3 On remand following the decision in *Embry* I, the trial court again entered summary judgment in favor of defendants. The trial court concluded the defendants could not have acted in bad faith because they did not believe the contract to pay the deficiency was insurance at the time they were allegedly acting in bad faith. It appears that the trial court also concluded the tort of negligence was not an appropriate theory, because defendants' duty to pay the deficiency was founded on the parties' contract, not common law or statute. We have granted certiorari pursuant to Supreme Court Rule 1.50, 12 O.S.2001, Ch. 15, App.1, to review this summary judgment, because the trial court has misapplied both the law governing tort recovery for bad faith and the law governing summary judgment.

¶4 Tort recovery for bad faith is one of the two remedies provided for breach of the implied duty to deal fairly and in good faith in the performance of a contract. *First National Bank and Trust of Vinita v. Kissee,* 1993 OK 96, ¶24, 859 P.2d 502, 509. "The common law imposes this implied covenant upon all contracting parties, that neither party ... will act to injure the parties' reasonable expectations nor impair the rights or interests of the other to receive the benefits flowing from the contractual relationship." *Id.*

¶5 The trial court apparently felt that tort recovery for bad faith or failure to deal fairly and in good faith is limited to insurance contracts and that tortious bad faith can only occur if the parties know their contract is insurance at the time they make and perform the contract. The trial court seems to say that the parties in the case at hand did not know they had an "insurance contract" until the Court of Civil Appeals, in hindsight, declared it to be such.

¶6 This Court has indeed expressed reluctance to extend tort recovery for bad faith beyond the insurance field. *Id.* at ¶25, 859 P.2d at 509. However, an insurance contract is not required to support tort liability for bad faith but instead such liability depends upon the existence of a "special relationship" under a contract (like the "special relationship" of an insurer and insured). *Id.*

¶7 The "special relationship" that gives rise to tort liability for bad faith is marked by (1) a disparity in bargaining power where the weaker party has no choice of terms, also called an adhesion contract, and (2) the elimination of risk. *Rodgers v. Tecumseh Bank,* 1988 OK 36, ¶¶14–16, 756 P.2d 1223, 1226. Tort liability is allowed in these types of contracts, because bad faith, or, more properly, breach of the implied duty to deal fairly and in good faith, precipitates the precise economic hardship the contract was intended to avoid. *Christian v. American Home Assurance Co.,* 1977 OK 141, 577 P.2d 899.

¶8 In the case at hand, defendant Innovative Aftermarket Systems alone chose the contract language to delineate how the deficiency or gap amount would be determined as well as every other term of the contract. The language delineating how the deficiency or gap amount is determined states the deficiency is the difference between the actual cash value settlement of the automobile insurance policy and the net installment sale contract/loan/lease payoff as of the date of the loss.

¶9 Marketing representations by Innovative Aftermarket Systems similarly describe how the amount of the deficiency is computed. The marketing brochure contains the following example of how the deficiency would be determined:

| | |
|---|---|
| Balance You Owe: | $22,000 |
| Your Insurance Settlement (cash value): | $14,000 |
| Balance Owed: | $ 8,000 |
| GAP Protection Pays the | $ 8,000 |

To further illustrate the importance of the deficiency or gap benefit, the brochure also posed the question "Who pays the difference between what you owe and what your insurance company pays?" Finally, the internet web site for Innovative Aftermarket Systems advised that the deficiency or gap protection would help "Customers avoid a financial obligation during a stressful time when money is needed for a replacement vehicle."

¶10 Clearly, the contract to pay the deficiency involves the "special relationship" necessary to support tort recovery for bad faith.

In addition, the defendants' failure to pay the full deficiency in accordance with the term and representations for computing the amount of the deficiency precipitated the precise economic hardship to plaintiff that the contract was intended to avoid. Because the "special relationship" is present, the defendants' subjective belief concerning the nature of the contract, or disclaimers that the contract is not insurance, are not dispositive of the issue of whether tort liability lies for defendants' alleged bad faith.

¶ 11 This is not to say that defendants' subjective belief is irrelevant to determining liability. "The central issue [in a bad faith case] is whether the [party in breach] had a good faith belief in some justifiable reason for the actions it took or omitted to take that are alleged to be violative of the duty of good faith and fair dealing." *Garnett v. Government Employees Insurance Co.,* 2008 OK 43, ¶ 22, 186 P.3d 935, 944. "Before the issue of . . . bad faith may be submitted to the jury, the trial court must first determine as a matter of law, under the facts most favorably *construed against* [the party in breach], whether the [wrongful] conduct may be reasonably perceived as tortious." *Id.* (emphasis added). In the case at hand the trial court made this decision by construing the facts in favor of the defendants, not against them.

¶ 12 The trial court also ignored evidentiary material that controverted defendants' evidentiary material to show the reasonableness of their belief, actions, and decisions. Plaintiff offered an expert witness concerning the type of gap protection at issue. This expert explained in detail the ways in which the actions, omissions and decisions of the defendants violated industry standards and reflected bad faith. In general, when a party opposing a summary judgment offers an expert opinion to controvert the defendant's evidentiary material showing no wrongdoing on the part of the defendant, summary judgment is not proper. *See Malson v. Palmer Broadcasting Group,* 1997 OK 42, 936 P.2d 940. In addition, "[a]ll conclusions drawn from the evidentiary materials submitted to the trial court [by motion for summary judgment] are viewed in a light most favorable to the party opposing the motion." *Garnett,* 2008 OK 43 at ¶ 21, 186 P.3d at 944.

¶ 13 The opinion of plaintiff's expert, when viewed in a light most favorable to plaintiff, supports a threshold determination as a matter of law that defendants' conduct may be reasonably perceived to be tortious. A trier of fact could conclude plaintiff had a reasonable expectation to receive payment of the deficiency as represented and promised, and defendant's conduct deprived him of that benefit. Accordingly, the issue of defendants' liability in tort for bad faith may be submitted to a jury and the trial court erred in eliminating this theory of recovery by the grant of summary judgment.

¶ 14 We reach a different conclusion, however, concerning elimination of negligence as a theory of recovery. There is simply no general duty to use reasonable care in the performance of a contract. The duty of a party to a contract to act reasonably and diligently in the performance of a contract are encompassed within the implied covenant of fair dealing and good faith. "Fair dealing" in the implied covenant emphasizes "reasonable action," *C & E Services, Inc. v. Ashland, Inc.,* 498 F.Supp.2d 242 (D.D.C.2007), while "good faith" is marked by "the exercise of reasonable diligence." *See Hillers v. Local Federal Savings and Loan Association,* 1951 OK 57, 232 P.2d 626. The duty to act in good faith also requires a party to abstain from taking unfair advantage of another. 25 O.S.2001 § 9. Any neglect and lack of diligence on the part of the defendants is simply proof of their breach of the implied duty to deal fairly and in good faith, and not an independent theory of recovery. Accordingly, we hold the trial court did not err in eliminating this theory of recovery on summary judgment.

¶ 15 The summary judgment under review is affirmed insofar as it eliminates negligence as a theory of recovery from plaintiff's cause of action, but is reversed to the extent it purports to eliminate liability in tort for defendants' bad faith or breach of the implied covenant to deal fairly and in good faith.

The case is remanded to the trial court for further proceedings.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR FURTHER PROCEEDINGS.**

¶16 EDMONDSON, C.J., KAUGER, WATT, COLBERT and REIF, JJ., concur.

¶17 TAYLOR, V.C.J., with whom WINCHESTER, J. joins, dissenting. I would affirm the trial court's grant of summary judgment on all issues of bad faith and negligence.

¶18 HARGRAVE, J., dissents.