OSCN Found Document:Proe et al. v. Diamond Homes et al.

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 Proe et al. v. Diamond Homes et al.
2025 OK CIV APP 18
Case Number: 121320
Decided: 04/30/2025
Mandate Issued: 05/29/2025
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2025 OK CIV APP 18, __ P.3d __

 

ERIC PROE, MICAH PROE, BART PATTERSON and SHONNA PATTERSON, Plaintiffs/Appellants
vs.
DIAMOND HOMES and GLENN DENNIS EMERY aka DENNY EMERY d/b/a DIAMOND HOMES and MIKE EMERY d/b/a DIAMOND HOMES, Defendants/Appellees

APPEAL FROM THE DISTRICT COURT OF
HUGHES COUNTY, OKLAHOMA

HONORABLE TIMOTHY L. OLSEN, TRIAL JUDGE

AFFIRMED

Brian Mitchell, MITCHELL BONDS, PLLC, Sapulpa, Oklahoma, For Plaintiffs/Appellants

Mark L. Edwards, THE MARK EDWARDS LAW FIRM, Tulsa, Oklahoma, For Defendants/Appellees

JOHN F. FISCHER, JUDGE:

¶1 Eric and Micah Proe and Micah's parents Bart and Shonna Patterson (collectively the Proes) appeal from judgments in favor of Glenn Dennis Emery (Denny Emery) d/b/a Diamond Homes and Mike Emery in this residential home construction dispute. The Proes alleged that the defendants breached the construction contract and were negligent in constructing their home. The case was tried to the district court without a jury. With respect to the Proes' breach of contract claim, the district court found in favor of the Proes against the builder, Denny Emery d/b/a Diamond Homes. That judgment was not appealed and is final.

¶2 The district court found that Mike Emery was a contract employee of his brother, Denny Emery, and was not doing business as and was not a partner with his brother in Diamond Homes. The judgment in favor of Mike Emery on the Proes' breach of contract claim is supported by competent evidence and is affirmed.

¶3 The court also found in favor of the defendants as to the Proes' negligence claim. Because the Proes failed to prove any damages from the defendants' breach of a tort duty, the judgment in favor of the defendants on the Proes' tort claim is affirmed.

BACKGROUND

¶4 On July 19, 2017, Diamond Homes, through Mike Emery, provided the Proes with an estimate for the construction of a home. 

¶5 Diamond Homes hired Mike Emery to supervise construction of the Proes' residence. For this work, Mike Emery was paid $1,000 per week by Denny Emery. There were no deductions or withholdings from Mike Emery's check and he was responsible for paying all taxes associated with the payments he received for his work on the Proes' home. Further, "the material and labor [for the Proes' home was] furnished by Diamond Homes, Denny Emery contractor." Mike Emery was "merely a contract employee of Diamond Homes." 

¶6 The construction defect at the center of the Proes' suit is the home's foundation. The district court found that before completion of the house, construction issues developed with the concrete foundation which required repairs. Diamond Homes hired Edens Structural Solutions to examine the slab. Edens proposed two options: inject high density foam under the foundation or install piers. Diamond Homes chose the foam solution but that did not correct the problem. Diamond Homes then hired Mike Herndon of Herndon Engineering to investigate the problem. Herndon determined that the foundation problem resulted from water under the concrete slab. Herndon made several recommendations to improve drainage away from the slab, including installing French drains. Diamond Homes installed French drains but did not implement Herndon's other recommendations. 

¶7 As stated in the Pretrial Order and the district court's judgment, the Proes' case was tried to the court on four theories of recovery: breach of contract, breach of the implied warranty of fitness/habitability, breach of the implied warranty of workmanlike construction, and negligence. Sun Ridge Invs., Ltd. v. Parker, 1998 OK 22956 P.2d 876Allied Hotels, Ltd. v. Barden, 1964 OK 16389 P.2d 968Id. ¶ 19, 389 P.2d at 972. Nonetheless, for both theories of liability, they sought the same dollar amount of damages: $169,727.62.

¶8 The district court found, based on the "overwhelming evidence," that Denny Emery breached the construction contract and the implied warranty of construction in a workmanlike manner. The court determined that the appropriate measure of damages was the cost to repair the construction defects because those defects could be remedied by repair. The district court also found that there was "competent evidence that the cost of repairs to cure the defects in construction are [sic] in the amount of $169,727.62." The court entered judgment against Denny Emery d/b/a Diamond Homes for that amount on the Proes' breach of contract theory, less $33,295.08 remaining due on the contract. Neither party has appealed the judgment against Denny Emery. Consequently, for purposes of this appeal, $169,727.62 is the total amount of the Proes' loss. See Bank of Oklahoma v. Red Arrow Marina Sales & Serv., 2009 OK 77224 P.3d 685

¶9 The district court entered judgment in favor of Mike Emery on the Proes' breach of contract and warranty theories asserted against him. The court found that Mike Emery was a "contract employee" of Diamond Homes and not liable for Diamond Homes' breach of contract. The Proes have appealed that judgment.

¶10 Finally, the district court found that the Proes "failed to establish a legal claim for the tort of negligence" against either Mike or Denny Emery. The Proes have appealed the judgment in favor of Mike and Denny Emery on their tort theory.

STANDARD OF REVIEW

¶11 In an action at law, "the trial judge's determination of the facts bears the force of a verdict rendered by a well-instructed jury. It must be affirmed if supported by any competent evidence." Bradley v. Clark, 1990 OK 73804 P.2d 425Brown v. Nicholson, 1997 OK 32935 P.2d 319Neil Acquisition, L.L.C. v. Wingrod Inv. Corp., 1996 OK 125932 P.2d 1100

ANALYSIS

¶12 The Proes raise only two issues in this appeal. First, they argue that the district court erred in finding that Mike Emery was not a co-owner of Diamond Homes or a partner with his brother Denny. That is the basis of their appeal of the judgment in Mike Emery's favor on their breach of contract theory against him. Second, they argue that the district court erred in finding that Mike and Denny Emery were not negligent and in entering judgment for those defendants on their tort theory. Neither argument requires reversal.

I. The Proes' Breach of Contract Claim Against Mike Emery

¶13 As stated in the district court's findings of fact: the Proes entered into a contract with Diamond Homes to build their home; Denny Emery is an individual who was doing business as Diamond Homes; Denny Emery does not deny that he "is legally responsible for any liability incurred by Diamond Homes." The district court is correct. "Doing business under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations." Bishop v. Wilson Quality Homes, 1999 OK 60986 P.2d 512

¶14 In addition, the district court found that Mike Emery supervised construction of the Proes' home on behalf of Diamond Homes. The court found that Mike Emery was not doing business as Diamond Homes. There is competent evidence to support these findings. Mike Emery was paid a lump sum on a weekly basis without any deductions or withholding. Mike Emery was responsible for paying all taxes associated with the payments he received from Diamond Homes. Mike Emery did not sign the material and labor affidavits submitted to receive the periodic payments earned by Diamond Homes during the construction of the Proes' home. Those documents were signed by Denny Emery. Mike Emery did not employ others or pay for materials used to construct the Proes' home from the money he received from Diamond Homes.

¶15 Nonetheless, the Proes argue that Mike and Denny Emery were "partners" in the construction business. They cite settled Oklahoma authority for the proposition that individuals who associate themselves "for the profit of both" are partners whether they intended that partnership or not. Title 54 O.S.2021 § 1-101Id. To support their argument that Mike and Denny Emery shared the profits from Diamond Homes, the Proes first cite a question by opposing counsel during Micah Proe's trial testimony in which counsel asked if it did not make "sense" that Denny was the "owner" and Mike was "the employee . . . the superintendent on the job" because of their different roles and the amount of time each spent on this project. They next cite Denny Emery's testimony regarding an advertisement for Diamond Homes listing both Denny and Mike's names and their telephone numbers. Denny denied that he and Mike advertised together under the name "Diamond Homes." Denny testified that he added Mike's name to the advertisement a couple of times so customers could call either one. This testimony does not refute the undisputed fact that Mike was paid a pre-determined amount, not a share of Denny Emery's "profits."

¶16 To recover on their breach of contract theory, the Proes "needed to prove: 1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach." Digital Design Grp., Inc., v. Info. Builders, 2001 OK 2124 P.3d 834citing Oklahoma Uniform Jury Instructions (OUJI) -- Civil No. 23.1). "One bringing an action upon a contract has the burden of showing that the other is a party to it." Restatement (Second) of Agency § 320 (quoted with approval in Shebester v. Triple Crown Insurers, 1992 OK 20826 P.2d 603

II. The Proes' Tort Claim

¶17 In addition to their breach of contract theory, the Proes claimed that both defendants were negligent in constructing their home, and they contend that the district court erred in finding that Mike and Denny Emery were not liable on their negligence theory. 

¶18 The district court's judgment, quoting Tyree v. Cornman, 2019 OK CIV APP 66453 P.3d 497cert. denied Oct 14, 2019), states:

36. . . . Absent some special circumstance, "[a]ny neglect or lack of diligence on the part of the defendants is simply proof of their breach of the implied duty to deal fairly and in good faith, and not an independent theory of recovery.". . . "In ordinary commercial contracts, a breach of [the duty of good faith and fair dealing implied in every contract] merely results in damages for breach of contract, not independent tort liability." Wathor v. Mutual Assurance Administrators, Inc., 2004 OK 287 P.3d 559Rodgers v. Tecumseh Bank, 1988 OK 36756 P.2d 1223

37. The claims and disputes in this case arise out of an oral contract to construct a home. The Plaintiffs failed to establish a legal claim for the tort of negligence.

Clearly, the district court recognized the possibility of "an independent basis" for the Proes' negligence theory but found that the Proes failed to establish the legal basis for that negligence. The district court is correct, and its judgment in favor of the defendants on the Proes' negligence theory is consistent with controlling Oklahoma Supreme Court case law.

A. The Negligence Claim Against Mike Emery

¶19 Mike Emery was not a party to the Proes' construction contract; he was an employee of Diamond Homes. Nonetheless, the Proes argue that Mike Emery is personally liable for his alleged negligent breach of his duty to construct their home in a workmanlike manner. Oklahoma law does not support their argument in this case for two reasons.

¶20 First, as an employee, Mike Emery was the agent of Denny Emery d/b/a Diamond Homes with respect to the construction of the Proes' home. See Restatement (Second) of Agency § 2 ("A servant is an agent employed by a master to perform service in his affairs whose physical conduct in the performance of the service is controlled or is subject to the right to control by the master."). Shebester v. Triple Crown Insurers, 1992 OK 20826 P.2d 603

[Diamond Homes], who has agreed to build a house for [the Proes], employs [Mike Emery] to build it. [Mike Emery] is careless in the construction of the house, so that the house does not conform to the contract. [Mike Emery is] not thereby liable to [the Proes] for the failure to construct the house in accordance with the contract.

Id. at cmt. a, illus. 2 (1958). Consequently, "[a]n agent's breach of a duty owed to the principal is not an independent basis for the agent's tort liability to a third party." Restatement (Third) of Agency § 7.02 (2006). 

¶21 The Proes did not separately contract for Mike Emery to be a party to their contract with Diamond Homes, nor do they contend that they are third-party beneficiaries of the employment contract between Mike Emery and Diamond Homes. Therefore, Mike's status as an agent for Diamond Homes insulates him from liability to the Proes for Diamond Homes' breach of the construction contract.

¶22 And, because Mike is not a party to the Proes' contract with Diamond Homes, the Proes' negligence claim against Mike cannot be derived from a breach of any express or implied duty imposed by the contract between the Proes and Diamond Homes, including the duty to construct the home in a workmanlike manner. The tort of "negligence 'is . . . a term of relation' where the existence of a legal duty must be owed by the defendant to the particular plaintiff bringing the action . . . ." Hensley v. State Farm Fire and Cas. Co., 2017 OK 57398 P.3d 11Palsgraf v. Long Island Ry. Co., 248 N.Y. 339, 345, 162 N.E. 99, 101 (1928)). In the context of this case, Mike's relationship was with Denny d/b/a Diamond Homes and the contract-based duties he owed were to him, not the Proes.

¶23 Second, to prevail on their negligence claim, the Proes must prove that Mike breached some duty that Mike owed to them, independent of any contractual duty that he owed to Diamond Homes. Rodgers v. Tecumseh Bank, 1988 OK 36756 P.2d 1223Shebester v. Triple Crown Insurers, 1992 OK 20826 P.2d 603Bane v. Anderson, Bryant & Co., 1990 OK 140786 P.2d 1230

¶24 Oklahoma recognized this potential tort theory of liability in Lisle v. Anderson, 1916 OK 92159 P. 278Union Bank of Tucson, Arizona v. Griffin, 1989 OK 47771 P.2d 219

[Oklahoma has] long recognized that without regard to the relationship of the parties, a person owes a duty of care to another person whenever the circumstances place the one person in a position towards the other person such that an ordinary prudent person would recognize that if he or she did not act with ordinary care and skill in regard to the circumstances, he or she may cause danger of injury to the other person.

Lowery v. Echostar Satellite Corp., 2007 OK 38160 P.3d 959Lisle v. Anderson, 1916 OK 92159 P. 278

¶25 Although Mike had a general duty to act with ordinary care and skill towards the Proes, that duty is no different than his duty to everyone. "Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his rights." 76 O.S.2021 § 76Snow v. TravelCenters of Am., 2023 OK CIV APP 8527 P.3d 741Tucker v. Tucker, 1964 OK 89395 P.2d 67Union Bank of Tucson, Arizona v. Griffin, 1989 OK 47771 P.2d 219Rodgers v. Tecumseh Bank, 1988 OK 36756 P.2d 1223Id. ¶ 18, 756 P.2d at 1227.

¶26 Mike Emery could not drive onto the work site and fail to exercise the degree of care necessary to avoid a collision with the Proes' automobile, for example. But he had that same duty whether he was on the worksite or on the public roads and whether it was the Proes' automobile or anyone else's. Most importantly, that is not the negligence theory that the Proes assert against Mike. Their negligence theory of liability sought only to recover the cost of repairing the damage to their home caused by the failure to construct the home in a workmanlike manner, and nothing more. The damage caused by those defects was caused by a breach of the construction contract, not a breach of the duty to act with the care "commensurate with the situation" to avoid injury to the Proes or their other property. Absent privity of contract, Mike is not liable for those damages and the district court's judgment in favor of Mike Emery is affirmed.

B. The Negligence Claim Against Denny Emery

¶27 The district court found that Denny Emery d/b/a Diamond Homes was the general contractor and in privity of contract with the Proes regarding the construction of their home. The district court found that Denny's conduct breached that contract and the implied warranty of construction in a workmanlike manner and that the Proes were entitled to recover the costs of repairing the construction defects. As the district court found, in the absence of any tort damages, the proper measure of damage for breach of a construction contract is the cost of the necessary repairs. "Where a contractor and builder has breached his contract by defective construction, which defects may be remedied by repair to compliance with the terms of the contract, the measure of damages is the cost of the repairs." Smith v. Torr, 1957 OK 73310 P.2d 378Accord Cox v. Curnutt, 1954 OK 150271 P.2d 342

¶28 Embry v. Innovative Aftermarket Sys. L.P., 2010 OK 82247 P.3d 1158Wathor v. Mutual Assurance Administrators, Inc., 2004 OK 287 P.3d 559Christian v. Am. Home Assur. Co., 1977 OK 141577 P.2d 899

The common law imposes this implied covenant upon all contracting parties, that neither party, because of the purposes of the contract, will act to injure the parties' reasonable expectations nor impair the rights or interests of the other to receive the benefits flowing from their contractual relationship.

First Nat'l Bank & Trust v. Kissee, 1993 OK 96859 P.2d 502Rodgers v. Tecumseh Bank, 1988 OK 36756 P.2d 1223Christian tort to a commercial loan transaction between bank and its customer). Accord Beshara v. S. Nat'l Bank, 1996 OK 90928 P.2d 280Wathor remains the law in Oklahoma. See James v. Tyson Foods, Inc., 2012 OK 21292 P.3d 10

¶29 Further, the duty of good faith and fair dealing is not the contractual duty on which the Proes rely; they contend that Denny Emery breached the duty to construct their home in a workmanlike manner, implied as a term of the oral construction contract. Citing Woolard v. JLG Industries, Inc., 210 F.3d 1158 (10th Cir. 2000), a decision applying Oklahoma law, the Proes argue that "Oklahoma allows liability for the breach of [the duty to perform a contract in a workmanlike manner] based in both breach of contract and a tort such as negligence . . . ." Id. The Proes are correct, in theory. "An action for breach of contract and an action in tort may arise from the same set of facts and a person injured by the substandard performance of a duty derived from a contractual relationship may rely on a breach of contract or tort theory, or both." Gaasch v. St. Paul Fire and Marine Ins. Co., 2018 OK 12412 P.3d 1151Woolard v. JLG Indus., Inc., 210 F.3d at 1168 (quoting Hall Jones Oil Corp. v. Claro, 1969 OK 113459 P.2d 858

¶30 In Woolard, the federal Court, citing Keel v. Titan Construction Corp., 1981 OK 148639 P.2d 1228Delbrel v. Doenges Bros. Ford, Inc., 1996 OK 36913 P.2d 1318Woolard, 210 F.3d at 1170 (citing Delbrel, 1996 OK 36Keel v. Titan Constr. Corp., 1981 OK 148

¶31 In addition, the Delbrel Court noted the traditional rule: "at common law . . . privity of contract was required before a cause of action in tort arose from a breach of duty created by contract, but now this restriction in cases involving physical injury to third persons has in many instances been eliminated or modified." Id. ¶ 9, 913 P.2d at 1321.

Historically, when an action is a claim which seeks to recover for unliquidated damages for a personal injury caused by negligence, although the negligence complained of amounts to a breach of contract on the part of the defendant, the action is one ex delicto and the law of torts governs that claim.

Gaasch v. St. Paul Fire and Marine Ins. Co., 2018 OK 12412 P.3d 1151Woolard and Delbrel.

¶32 However, the absence of physical injury does not preclude a negligence theory of recovery if the other elements of the claim are present. No physical injury to the plaintiffs/homeowners was alleged in Keel. Nonetheless, the Court held that the homeowners' petition stated a claim for breach of contract as well as a tort claim against the architect hired by the homeowners' general contractor. In the contract claim, the homeowners asserted that they were third-party beneficiaries of the contract between the general contractor and the architect. In a different part of their petition, they asserted a tort claim based on negligent design of a solar heating system. Their negligence claim relied on the implied duty to perform a contract "with care, skill, reasonable experience and faithfulness . . . ." Keel, 1981 OK 148

¶33 For example, in Hobbs v. Smith, 1911 OK 32115 P. 347Id. ¶ 9, 115 P. at 350. The duties "impose[d]" by law in Hobbs were the breach of a "common-law obligation not to afflict plaintiffs, to their damage, with [ ] diseased animals," a breach described in Hobbs as a "tort of the highest character." Id. ¶ 10.

¶34 The distinction between the duties imposed independent of contract and duties imposed solely by contract was addressed in Flint Ridge Development Co. v. Benham-Blair & Affiliates, Inc., 1989 OK 48775 P.2d 797Great Plains Federal Savings and Loan Ass'n v. Dabney, Flint Ridge holds:

[I]f the alleged contract of employment merely incorporates by reference or by implication a general standard of skill or care which a defendant would be bound independent of the contract[,] a tort case is presented governed by the tort limitation period . . . . However, where the parties have spelled out the performance promised by defendant and defendant commits to the performance without reference to and irrespective of any general standard, a contract theory would be viable, regardless of any negligence on the part of a professional defendant.

1993 OK 4846 P.2d 1088

¶35 The duty to construct a home in a workmanlike manner on which the Proes rely is distinct from the "general standard of care." The contractual duty requires "that degree of skill, efficiency, and knowledge which is possessed by those of ordinary skill, competency, and standing in the particular trade or business for which he is employed . . . ." Keel v. Titan Constr. Corp., 1981 OK 148639 P.2d 1228Hall Jones Oil Corp. v. Claro, 1969 OK 113459 P.2d 858

¶36 A tort arises when one does not conform to the "common-law duty to perform [work] with care, skill, reasonable experience and faithfulness" in any circumstance, including while performing contractual duties. Keel v. Titan Constr. Corp., 1981 OK 148639 P.2d 1228See Carris v. John R. Thomas and Assocs., P.C., 1995 OK 33896 P.2d 522Finnell v. Jebco Seismic, 2003 OK 3567 P.3d 339Flint Ridge Dev. Co. v. Benham-Blair and Affiliates, Inc., 1989 OK 48775 P.2d 797

¶37 That distinction is evident in the hypothetical discussed in Flint Ridge: "if a fireplace collapses, the purchaser [of a residence] can sue in contract for the cost of remedying the structural defects and sue in tort for damage to personal property or personal injury caused by the collapse." Flint Ridge, 1989 OK 48775 P.2d 797Woodward v. Chirco Constr. Co., Inc., 141 Ariz. 514, 687 P.2d 1269, 1270-71 (1984)). The Oklahoma Supreme Court found the Woodward Court's view consistent with prior Oklahoma cases:

In prior cases in which an action based on negligence arising in the context of contract has been involved, the damages alleged have been injury to person or to property resulting from the negligence. . . . [I]n each case there has been a breach of a general standard of care which has resulted in injuries beyond the particular matter of the contract.

Flint Ridge, 1989 OK 48 beyond the particular matter of the contract," there is no tort. Id. Their evidence only proved that Denny Emery d/b/a Diamond Homes "failed to construct the residence in a workmanlike manner" and that "the cost of repairs to cure the defects in construction are in the amount of $169,727.62." (Findings of Fact and Conclusions of Law -- Decision, nos. 39 and 41, ROA 467).

¶38 Other jurisdictions addressing this issue in construction defect cases have adopted the original products liability measure of damages, i.e., the economic loss rule. "The economic loss rule is a court-created doctrine that bars recovery under manufacturer's product liability for purely economic injury to the product itself." Mills v. J-M Mfg. Co. Inc., 2025 OK 23567 P.3d 385Id. Courts applying the economic loss rule outside the products liability context have found its products liability origin equally sound in breach of contract cases.

Although originally born from products liability law, the application of the economic loss rule is broader, because it serves to maintain a distinction between contract and tort law. The essential difference between a tort obligation and a contract obligation is the source of the duties of the parties.

. . . . Tort law is designed to protect all citizens from the risk of physical harm to their persons or to their property.

In contrast, contract obligations arise from promises made between parties.

Town of Alma v. Azco Constr. Inc., 10 P.3d 1256Cf., Mills, 2025 OK 23567 P.3d 385

¶39 When applicable, the economic loss rule precludes a negligence claim for construction defects against the general contractor.

Contract law is intended to enforce the expectancy interests created by the parties' promises so that they can allocate risks and costs during their bargaining. Limiting tort liability when a contract exists between parties is appropriate because a product's potential nonperformance can be adequately addressed by rational economic actors bargaining at arms length to shape the terms of the contract.

Id. at 1262. Cf., Rodgers v. Tecumseh Bank, 1988 OK 36756 P.2d 1223Town of Alma, 10 P.3d at 1264 (footnote omitted). Cf., Tusch Enters. v. Coffin, 740 P.2d 1022(1987) (damage to duplex caused by defective foundation limited to economic loss barring negligence action for recovery of lost profits).

¶40 "The phrase 'economic loss rule' necessarily implies that the focus of the inquiry under its analysis is on the type of damages suffered by the aggrieved party." Town of Alma, 10 P.3d at 1262-63 (footnote omitted). "Economic loss is defined generally as damages other than physical harm to persons or property." Id. at 1264 (footnote omitted). In addition, any property damage for which tort recovery can be had must be damage to property other than the property which is the subject of the contract. Gunkel v. Renovations, Inc., 822 N.E.2d 150, 153 (Ind. 2005) (economic loss doctrine only permits tort recovery for personal injury or damage to "other property). See also W. Prosser, Handbook on the Law of Torts, p. 665, § 101 (4th ed. 1971) (economic loss is loss which does not involve personal injury or physical harm to other property). According to the Indiana Supreme Court, "property acquired separately from the defective good or service is 'other property.'" Gunkel, 822 N.E.2d at 155.

¶41 "In the context of construction, 'economic loss' includes the cost to repair or replace defective materials, damage to a structure, diminution in value of a damaged structure not repaired, loss of use or delay in utilizing property for its intended purposes, and related lost profits, lost revenue, and costs." 6 Philip L. Bruner & Patrick J. O'Connor, Jr., Bruner & O'Connor on Construction Law, Limitation on Tort Damages -- Doctrine of Economic Loss § 19:10 (West Grp. 2002, updated 2024) (footnotes omitted). To the extent it is in their "mutual interest," rational economic actors are free to and often do contractually exclude these types of losses from the effect of the economic loss rule. Rodgers v. Tecumseh Bank, 1988 OK 36756 P.2d 1223Mills v. J-M Mfg. Co. Inc., 2025 OK 23Town of Alma, 10 P.3d at 1261 (citing East River Steamship Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 106 S. Ct. 2295 (1986)). The Proes did not do so in their contract with Diamond Homes.

¶42 Oklahoma has not adopted the economic loss rule, by name, outside the manufacturer's products liability context. Mills, 2025 OK 23567 P.3d 385See Smith v. Torr, 1957 OK 73310 P.2d 378Cox v. Curnutt, 1954 OK 150271 P.2d 342

¶43 The independent basis for a tort is lacking in this case, not because Denny Emery owed no ex delicto duty to the Proes while constructing their home, but because the Proes failed to produce evidence of personal injury or injury to property "beyond the particular matter of the contract." Flint Ridge Dev. Co. v. Benham-Blair & Affiliates, Inc., 1989 OK 48775 P.2d 797 Those types of damages are an essential element of the Proes' tort claim. Fargo v. Hays-Kuehn, 2015 OK 56352 P.3d 1223

CONCLUSION

¶44 The Proes recovered a judgment against Denny Emery d/b/a Diamond Homes for breach of the construction contract to build their home. The amount of that judgment was the cost necessary to repair the construction defects. The Proes were unable to prove that Mike Emery was also doing business as Diamond Homes or that he was a partner with Denny in the home building business. The judgment in favor of Mike Emery on the Proes' breach of contract claim is affirmed.

¶45 The Proes also sued Mike and Denny Emery for negligence in constructing their home. However, they did not prove any personal injury or damage to their property not covered by the construction contract. Consequently, they failed to prove an essential element of their tort claim. The judgment in favor of Denny and Mike Emery on the Proes' tort claim is affirmed.

¶46 AFFIRMED.

WISEMAN, P.J., concurs, and BARNES, C.J., concurs in result.

 

FOOTNOTES

World Publ'g Co. v. Smith, 1945 OK 231161 P.2d 861Syllabus 2). The record does not support the conclusion that Mike Emery was an independent contractor. An independent contractor is "one who engages to perform a certain service for another (i.e. the hirer) according to his or her own method and manner, free from control and direction of the hirer in all matters connected with the performance of the service except as to the result." Hammock v. United States, 2003 OK 7778 P.3d 93See also footnote 8, infra.

McCorkle v. Great Atl. Ins. Co., 1981 OK 128637 P.2d 583See also Okla. Sup. Ct. R. 1.11(k)(1), 12 O.S.2021, ch. 15, app. 1. Any alleged breach of the implied warranty of habitability will not be addressed.

Evers v. FSF Overlake Assocs., 2003 OK 5377 P.3d 581

Am. Bank of Oklahoma v. Wagoner, 2011 OK CIV APP 76259 P.3d 841

Cf., Diamond Sevens, L.L.C. v. Intelligent Home Automation, Inc., 2010 OK CIV APP 131245 P.3d 1260Cox v. Curnutt, 1954 OK 150271 P.2d 342

Flint Ridge Court distinguished prior cases that had focused on the "gravamen of the action," like Jackson v. Central Torpedo Co., 1926 OK 434246 P. 426Flint Ridge, 1989 OK 48Accord Great Plains Fed. Sav. and Loan Ass'n v. Dabney, 1993 OK 4846 P.2d 1088Funnell v. Jones, 1985 OK 73737 P.2d 105

See, e.g., Lisle v. Anderson, 1916 OK 92159 P. 278Oklahoma Nat. Gas Co. v. Pack, 1939 OK 47597 P.2d 768Smith v. Johnston, 1978 OK 142591 P.2d 1260Boren v. Thompson & Assocs., 2000 OK 3999 P.2d 438Iglehart v. Bd. of Cnty. Comm'rs of Rogers Cnty., 2002 OK 7660 P.3d 497Bradford Sec. Processing Servs., Inc. v. Plaza Bank & Trust, 1982 OK 96653 P.2d 188Wofford v. Eastern State Hosp., 1990 OK 77795 P.2d 516Finnell v. Jebco Seismic, 2003 OK 3567 P.3d 339cert. denied, 484 U.S. 853, 108 S. Ct. 158 (1987) (seismic company liable for damage to land beyond that contemplated by the contract); Abercrombie & Fitch Stores, Inc. v. Penn Square Mall Ltd. P'ship, 2018 OK CIV APP 56425 P.3d 757Coryell Roofing & Constr., Inc. v Burgess Farms, Inc., No. 121,275 (COCA Div. IV Aug. 27, 2024) (cert. granted and pending) (damage to personal property caused by defectively installed roof) . No case has held that the plaintiff may recover for negligence on the part of a party to the contract in the absence of physical injury or damage to personal property not covered by the contract.

Sterling Chemicals, Inc. v. Texaco, Inc., 259 S.W.3d 793, 796 (Tex. App. 2007); Kalahari Dev., LLC v. Iconica, Inc., 811 N.W.2d 825 (Wis. 2012); Indianapolis-Marion Cnty. Pub. Library v. Charlier Clark & Linard, P.C., 929 N.E.2d 722 (Ind. 2010); ASC Constr. Equip. USA, Inc. v. City Comm. Real Estate, Inc., 693 S.E.2d 559 (2010), and Valles v. Pima Cnty., 642 F.Supp.2d 936 (D. Ariz. 2009).

Town of Alma v. Azco Constr. Inc., 10 P.3d 1256But see A.C. Excavating v. Yacht Club II Homeowners Ass'n, Inc., 114 P.3d 862, 867 (Colo. 2005) (distinguishing Town of Alma v. Azco Constr. Inc., and affirming reversal of judgment for subcontractor). The Yacht Club court found the property owner was a third-party beneficiary to the contract between the general contractor and the subcontractor, and that the subcontractor owed an independent tort duty to the property owner that would support the property owners' negligence claim based on construction defects, because "the economic loss rule has no application where there exists an independent duty of care . . . ." Id.

 

 

BARNES, C.J., concurring in result:

¶1 I agree with the Majority that the district court's judgment in favor of Mike Emery as to the Proes' breach of contract theory should be affirmed. I further agree that the district court's judgment in favor of Denny and Mike Emery on the Proes' tort claim should be affirmed. I write separately to explain why I must respectfully concur in result.

¶2 As stated by one commentator, "[c]ontractual performance always takes place within a matrix of other legal obligations, including those imposed by the law of torts." 

¶3 As the Majority observes, other jurisdictions have framed similar discussions in terms of the economic loss rule: "a legal doctrine that bars recovery in tort actions where a contractual relationship between the parties exists and the losses claimed are purely economic losses." Mills v. J-M Mfg. Co. Inc. et al, 2025 OK 23567 P.3d 385

¶4 Fortunately, the discussion can be framed in terms of the privity doctrine, which is established in the case law. "At common law, privity of contract was required before a tort action could arise from a breach of duty created by contract -- i.e., limiting liability to contracting parties." Boren v. Thompson & Assocs., 2000 OK 3999 P.2d 438Keel v. Titan Const. Corp., 1981 OK 148639 P.2d 1228

¶5 Applied to the present case, no privity of contract exists between Mike and Plaintiffs, and the case does not fall within an exception to the privity doctrine. In Oklahoma, the privity requirement has not been modified or abolished relevant to Mike's role as an independent contractor/supervisor on the construction site. Thus, the district court did not err in determining Plaintiffs could not maintain a negligence claim against Mike.

¶6 In cases in which privity of contract does exist between the parties -- i.e., as between Denny and Plaintiffs -- the question becomes whether the particular facts support a tort claim. Upon reaching this stage, a court should heed cases stating, for example, as follows: "[c]onduct that is merely a breach of contract is, of course, not a tort";Finnell v. Seismic, 2003 OK 35
¶ 13, 67 P.3d 339

¶7 As to Denny, the court determined "Denny Emery d/b/a Diamond Homes" is liable for the full extent of damages under a breach of contract theory. This finding has not been appealed. Because double recovery is forbidden, the question whether Denny may also be liable for all or some of those same damages under a negligence theory presents merely an abstract or hypothetical issue, and this Court "will not decide abstract or hypothetical questions." Richardson v. State ex rel. Okla. Tax Comm'n, 2017 OK 85406 P.3d 571See also State ex rel. Okla. Firefighters Pension & Ret. Sys. v. City of Spencer, 2009 OK 73237 P.3d 125

¶8 For these reasons, I respectfully concur in result.

April 30, 2025

FOOTNOTES

The Boundary-Line Function of the Economic Loss Rule, 66 Wash. & Lee L. Rev. 523, 559 (2009).

Miller v. EOG Res., Inc., CIV-19-1033-G, 2020 WL 592339, at *2 (W.D. Okla. Feb. 6, 2020).

Towards A Broader Understanding of Privity Exceptions in Contract Law: Bestowing Limited Rights on Incidental Third-Party Beneficiaries in Construction Litigation to Fulfill Public Policy Objectives, 51 Gonz. L. Rev. 187, 191 (2016).

Id. at 193.

See Boren, ¶ 22, 999 P.2d at 446; St. Paul Fire & Marine Ins. Co. v. Getty Oil Co., 1989 OK 139782 P.2d 915

Hall Jones Oil Corp. v. Claro, 1969 OK 113459 P.2d 858

Okla. Nat. Gas Co. v. Pack, 1939 OK 47597 P.2d 768

Wathor v. Mut. Assur. Adm'rs, Inc., 2004 OK 287 P.3d 559

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105