OSCN Found Document:CORYELL ROOFING & CONSTRUCTION, INC. v. BURGESS FARMS, LLC

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 CORYELL ROOFING & CONSTRUCTION, INC. v. BURGESS FARMS, LLC
2025 OK 80
Case Number: 121275
Decided: 11/03/2025
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 80, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

CORYELL ROOFING & CONSTRUCTION, INC., Plaintiff/Appellee,
vs.
BURGESS FARMS, LLC, Defendant/Appellant.

ORDER OF SUMMARY DISPOSITION

¶1 Rule 1.201 of the Oklahoma Supreme court Rules provides that "[i]n any case in which it appears that a prior controlling appellate decision is dispositive of the appeal, the court may summarily affirm or reverse, citing in its order of summary disposition this rule and the controlling decision." Okla. S.Ct. Rule 1.201.

¶2 After reviewing the record in this case, THE COURT FINDS that our recent decision in Watson v. BNSF Railway Co., 2024 OK 74561 P.3d 67Watson, we were asked to determine whether there was reversible error associated with the jury instructions. On certiorari, Appellee/Plaintiff, Coryell Roofing & Construction, Inc., asserted that the Court of Civil Appeals opinion reversing the trial court's Journal Entry of Judgment on Jury Verdict directing a new trial for erroneous jury instructions was not in accord with our prior decisions.

¶3 In Watson, we reiterated our longstanding position that "the mere possibility a different result might have been reached is insufficient to overturn a jury verdict and an appellate court must not re-weigh the evidence where a competent jury has decided the case." Id. at ¶ 15, 561 P.3d at 72 (emphasis added). An appellate court must not disturb a jury verdict unless the record demonstrates the probability that the jury was so misled by the alleged errors to cause a different verdict. Id. Although the Court of Civil Appeals concluded in this matter that "[i]t is difficult to see given the facts of this case how the jury could have found Plaintiff liable on Defendant's counterclaim under a negligence theory when the jury found the Plaintiff not liable for breach of contract," Watson and our longstanding decisions. Id., See also, Johnson v. Ford Motor Co., 2002 OK 2445 P.3d 86

¶4 The Burgess counterclaim for negligence rises from the same set of facts as its breach of contract counterclaim. Burgess failed to prove by the greater weight of the evidence "that Coryell Roofing breached the contract by failing to complete the contracted-work for services, or failing to complete the services in a workmanlike manner;" 

¶5 In order for Burgess to recover on its negligence claim, the jury would have to find under identical facts that there had been a negligent failure by Coryell to perform its work or services under the contract "skillfully, carefully, diligently, and in a workmanlike manner." Keel v. Titan Constr. Corp., 1981 OK 148639 P.2d 1228Watson, supra. ¶ 15, 561 p.3d at 72.

¶6 When a trial court refuses to give additional jury instructions, the test of reversible error "is whether the jury was misled to the extent of rendering a different verdict than it would have rendered, if the alleged errors had not occurred." Johnson v. Ford Motor Co., 2002 OK 2445 P.3d 86

¶7 After reviewing the record in this matter, THE COURT FINDS that its decision in Watson involves the same primary legal questions as those in this appeal. Our holding in Watson disposes of the issue raised here. We also note that Burgess did not ask appellate review with respect to Burgess' counterclaim on breach of contract, rendered in favor of Coryell. The record does not support finding that a jury would have reached a different verdict under identical facts if the instruction of negligence had been given. We find that omission of the instruction does not constitute reversible error under the facts presented.

¶8 IT IS THEREFORE ORDERED that the Court of Civil Appeals' opinion is vacated, and the Journal Entry of Judgment on Jury Verdict is affirmed.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 3rd day of November 2025.

/s/_____________________________

CHIEF JUSTICE

 

CONCUR: ROWE, C.J., KUEHN, V.C.J., WINCHESTER, EDMONDSON, COMBS, GURICH, and JETT (by separate writing), JJ.

CONCUR IN RESULT: DARBY, J. (by separate writing).

DISSENT: KANE, J. (by separate writing).

 

FOOTNOTES

Coryell Roofing & Constr., Inc. v. Burgess Farms, LLC, Case No. 121,275.

Id.

Jett, J., concurring:

¶1 I agree with the majority that the trial court's refusal to instruct the jury on Defendant/Counterclaim Plaintiff Burgess Farms, LLC's (Burgess Farms) negligence counterclaims is not reversible error. Burgess Farms could not have prevailed on the negligence counterclaim against Coryell Roofing & Construction, Inc. (Coryell) as a matter of law.

¶2 Previously, this Court has determined that parties to a contract have a duty to act reasonably and diligently in the performance of a contract, which is encompassed within the implied covenant of good faith and fair dealing. Embry v. Innovative Aftermarket Sys. L.P., 2010 OK 82247 P.3d 1158Wathor v. Mut. Assur. Adm'rs, Inc., 2004 OK 287 P.3d 559See McVay v. Rollings Const., Inc., 1991 OK 102820 P.2d 1331.

¶3 In this case, Burgess Farms failed to present evidence at trial that Coryell breached any duty, independent of Coryell's contractual obligations, to support tort liability. 

FOOTNOTES

Mills v. J-M Mfg. Co., Inc., 2025 OK 23567 P.3d 385

Darby, J., concurring in result.

¶1 I concur in the Court's result which vacates the Court of Appeals opinion and affirms

the Trial Court's Journal Entry of Judgment on jury verdict. Because of the reasons I expressed in my dissent in Watson v. B.N.S.F. Railway Co., , , I cannot concur in the Court's reliance on Watson in the present case.

¶2 Therefore, I respectfully concur in result.

KANE, J., dissenting:

¶1 I dissent to the proposition that Watson v. BNSF Railway Co., 2024 OK 74561 P.3d 67Watson. In Watson, it was alleged on appeal that the instructions given to the jury were so misleading there was a probability that the jury could have come back with a different verdict had the instructions been correct. We disagreed, finding the instructions to be free from fundamental error.

¶2 Here, however, the suggestion is not that the instructions given to the jury were flawed. The complaint is that an essential instruction explaining a litigant's theory of the case was not given to the jury.

¶3 The record reflects that Burgess Farms, LLC ("Burgess") incurred a weather casualty loss to their roof. Burgess agreed to pay Coryell Roofing & Construction, Inc. ("Coryell") roughly $604,000 to repair the roof, initially paying Coryell $352,500. Later, disputes arose, and Burgess refused to pay Coryell the balance. Coryell admitted it had (at least) a $10,000 gutter correction to make, but it sued for the balance of the contract and asserted a mechanic's and materialmen's lien. Burgess counterclaimed for breach of contract and negligence. Burgess cited numerous failures and roof leaks. During the jury trial, the trial court decided sua sponte to deny the negligence counterclaim instruction. The jury subsequently denied the Burgess counterclaim on the negligence action without having been given the negligence instruction.

¶4 While I believe that Watson was rightly decided, Watson, we were tasked with determining whether the instructions actually tendered to the jury were misleading to an extent that they created fundamental error. In the present case, the instruction explaining the litigant's theory of the case was withheld from the jury--they never saw it. The law applicable to this scenario is not Watson, but Bradley Chevrolet, Inc. v. Goodson, 1969 OK 25450 P.2d 500

Defendant cites Pechacek v. Hightower, Okl., 269 P.2d 342

Bradley Chevrolet, ¶ 8, 450 P.2d at 502.

¶5 In other words, we need not, and cannot, "bootstrap" a conclusion of fairness by looking at the instructions that were given as a dim substitute for the required (but omitted) instruction that told the jury how to weigh and act upon the claim pled and presented in the trial. The omission was fundamental error, and no review of the other instructions can cure it. Cf. Grisham v. City of Oklahoma City, 2017 OK 69404 P.3d 843

¶6 I further note that applying Watson to this case effectively overrules the prior line of cases, such as Bradley Chevrolet, and is thus a new statement of law, not an application of existing precedent. This fact is borne out by citationizing Bradley Chevrolet--it is currently not flagged as overruled. Prior to today, no one expected that Watson would apply to refusals to instruct on a litigant's theory of the case.

¶7 Given that the majority purports to extend Watson to now overrule Bradley Chevrolet, and a host of other precedent to the same effect, Summary Disposition was an improper vehicle to adjudicate the current dispute. Watson and overruling of prior precedent setting forth good law is ill considered, in my view.

¶8 I respectfully dissent.

FOOTNOTES

Watson.

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105